CAPITOL LUMBER COMPANY *v.* VANHOOK.

[No. 13,524.   Filed October 24, 1929.]

*Bingham, Mendenhall & Bingham,* for appellant.
*Little, Little, Horn & Boyden,* for appellee.

NICHOLS, J.—Action by appellee to recover alleged
damages to his automobile, sustained in a collision with
a truck belonging to appellant, on account of alleged
negligence of appellant.   The issues were formed by the
complaint and the answer in general denial.   A trial by

jury resulted in a verdict in favor of appellee and against appellant for $201, upon which the court rendered judgment. The error assigned is the court's action in overruling appellant's motion for a new trial, under which numerous errors are presented.

Appellee was driving his automobile, at about nine in the morning, going out Massachusetts avenue, in Indianapolis. He was on the right side of the street, proceeding eastward, about two and one-half feet from the curb, traveling, as he testified, about 15 miles per hour; he continued eastward to the Hoosier Veneer Lumber Yards, saw a motor truck coming, meeting him, the driver of which made a left-hand turn, giving no signal, and hit his automobile throwing him and his automobile over the sidewalk, damaging his car. The driver of the truck testified that he was driving at about six miles per hour, but that appellee was driving at about 20 to 25 miles per hour.

The court refused to permit the truck driver to testify over appellee's objection, concerning the skidding and skid marks at the time of and immediately prior to the collision in question. In this connection, appellant made an offer of record, to show that appellee's automobile skidded a distance of 30 or 40 feet into and against the truck being driven by said witness. This was error.

The court instructed the jury on its own motion that the burden of proof rested upon appellee to prove, by a fair preponderance of the evidence, negligence on the part of appellant, as charged in the complaint, that the burden rested upon appellant to prove contributory negligence on the part of appellee. This was error. The burden was upon appellee, and not appellant, to prove by a fair preponderance of the evidence, freedom from his own contributory negligence. *Pittsburgh, etc., R. Co. v. Dove* (1916), 184 Ind. 447, 111

N. E. 609; *Ackerman* v. *Pere Marquette R. Co.* (1915), 58 Ind. App. 212, 108 N. E. 144.

Other alleged errors are not likely to occur at another trial.

Reversed.