[Civ. No. 7949. First Appellate District, Division Two.—January 16, 1932.]

MARTHA LAMB, Respondent, v. PURITY STORES, INC. (a Corporation), et al., Appellants.

Fred A. Watkins for Appellants.

Alva S. Sherlock and Tinning & DeLap for Respondent.

STURTEVANT, J.—The plaintiff while purchasing articles in the defendant's store fell to the floor. For the injury that she sustained she commenced this action to recover damages. She named the corporate owner and also the manager of the store as defendants. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the defendants have appealed.

The defendants earnestly contend that the evidence was insufficient to support the findings of negligence. However, we think that it cannot be said that there was no evidence to support the findings. Both parties state that it is not negligence to have and maintain an oiled floor, and when the floor is properly oiled it is not slippery. There is evidence in the record to the effect that the oil that was used was a floor oil properly prepared by a competent manufacturer; that the floor where the accident happened is a reasonably good pine floor; that the ordinary method of treating the floor of a store is to apply the oil on Saturday night after the store closes; that the oil should be applied in a thin coat with a wet mop; and that after it has been so applied the operator should go over the floor and mop the surface with a dry mop. There was evidence to the effect that when a floor has been oiled in that manner it will be ready for use several hours before opening on Monday morning, and at that time the floor will not be moist or slippery and that there will be no unabsorbed oil on the surface of the floor. There was also evidence that this particular floor had been properly treated and was in proper condition. On the other hand, there was also evidence to the effect that at the exact spot where the plaintiff fell the floor was much damper with oil than at other places and that as the plaintiff fell one of her stockings and her dress became soaked in surplus oil. The extent of the soaking was shown by the garment admitted in evidence but not brought up as a part of the record. Some of the other witnesses de-

scribed the dampness of the spot where the plaintiff fell. Mrs. Lamb testified as to a conversation she had with Mr. Starr, about a week after the accident. He was the clerk who applied the oil for the defendant on Saturday, July 26, 1931. The accident happened on the following Monday about 3 P. M. The plaintiff testified that in the conversation just mentioned, Mr. Starr said, ''We have been mighty careful about keeping the floor wiped up since that, since your accident.''

In view of the foregoing evidence this court may not say that the trial court erred in holding, in legal effect, that the defendant corporation did not exercise ordinary care in drying its floor after the floor had been oiled.

In their brief the defendants attack certain alleged contentions of the plaintiff. The plaintiff disclaims making the contentions. Those points need not be dwelt upon.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 15, 1932.