GALARNO v. GREAT ATLANTIC & PACIFIC TEA CO.

NEGLIGENCE—STOREKEEPER'S LIABILITY FOR OILY FLOOR.

In action for personal injuries to customer resulting from fall
on floor of defendant's store, alleged to have been caused
by its oily and greasy condition, rendering it unsafe, evidence
of accumulation of oil on floor where plaintiff fell, causing
unusual condition, *held*, evidence of negligence, sustaining
verdict for plaintiff.

Appeal from Bay; Houghton (Samuel G.), J. Submitted June 10, 1932. (Docket No. 78, Calendar No. 36,517.) Decided September 16, 1932.

Case by Grace A. Galarno against the Great Atlantic & Pacific Tea Company, a New Jersey corporation, for personal injuries alleged to have been sustained because of the unsafe condition of defendant's premises. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Albert W. Black* (*J. L. McCormick*, of counsel), for plaintiff.

*Clark & Henry* and *Charles R. Fox*, for defendant.

CLARK, C. J. Plaintiff, a customer in one of defendant's stores in Bay City, slipped on the floor, fell, and was injured. Her averment of negligence against defendant is that the floor was oily, greasy, and unsafe. The jury found the fall occasioned by the oily condition of the floor. Plaintiff testified that an employee of defendant was oiling the floor while she was in the store, and, as indicating an

On duty of store or shopkeeper toward customer as to condition of premises, see annotation in 21 L. R. A. (N. S.) 456; L. R. A. 1915F, 572; 33 A. L. R. 181; 43 A. L. R. 866; 46 A. L. R. 1111; 58 A. L. R. 136.

accumulation of oil where she fell, testified that her dress, underclothing, and stockings were ruined by the oil. She had verdict and judgment. Defendant has appealed.

The verdict is not against the great weight of the evidence. Defendant's employees denied that the floor ever had been oiled, and denied that it was oily, as stated by plaintiff. Plaintiff had corroborating testimony of the floor being oily. The question was for the jury and its verdict must stand.

Whether it is proper to oil a floor during business hours and while the store is open to customers, we need express no opinion. Conceding that it is not negligence *per se* to have an oiled floor in a store (*Narregang* v. *Great Atlantic & Pacific Tea Co.*, 224 Mich. 179) or to apply oil to a floor if it is done in a proper manner so it is not in different condition from that usual with oiled floors, there is evidence here of an unusual condition, such an accumulation of oil where plaintiff fell as to ruin not only her outer garments but her underclothing as well. This is evidence of negligence, and sustains the verdict.

Authorities on the question are reviewed in note 58 A. L. R. 142. See, also, *Bowden* v. *S. H. Kress & Co.*, 198 N. C. 559 (152 S. E. 625); *Benesch & Sons* v. *Ferkler*, 153 Md. 680 (139 Atl. 557); *Parker* v. *Great Atlantic & Pacific Tea Co.*, 201 N. C. 691 (161 S. E. 209).

There is no reversible error. Affirmed.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.