COATS *v.* STRAWMEYER

[No. 16,073. Filed June 15, 1939. Rehearing denied October 18, 1939.]

White, Wright & Boleman, and George C. Forrey, III., for appellant.

Leo Kriner, George A. Henry, and Robert F. Biehl, for appellee.

DUDINE, J.—This was an action instituted by appellee against appellant to recover for damages to her automobile resulting from a collision between her automobile and appellant's automobile at the intersection of Meridian and Eighteenth Streets in the city of Indianapolis.

The cause proceeded upon an amended complaint, an answer in general denial, a second paragraph of answer alleging a compromise and settlement, a counterclaim filed by appellant seeking to recover from appellee damages to his (appellant's) automobile resulting from the same accident, a reply in general denial to appellant's second paragraph of answer, an answer in general denial to appellant's counterclaim, a second paragraph of answer to appellant's counterclaim which answer alleged that appellant's said claim had been compromised and settled, and a reply in general denial to said last named pleading.

The cause was submitted to a jury for trial, resulting in a verdict and judgment for appellee and against appellant in the sum of $315.00 on the amended complaint, and a verdict and judgment for appellee and

against appellant upon appellant's counterclaim.

The record shows, by a special bill of exceptions, that during the closing argument to the jury by appellee's counsel he made certain statements to the jury (which statements are hereinafter set out) and appellant then and there objected to the statements and orally moved the court that the cause be withdrawn from the jury because of said statements and the court overruled said motion, and appellant then and there took exception to such ruling.

The sole error assigned upon appeal is contended error in overruling a motion for new trial which was filed by applicant.

The causes for new trial assigned in the motion therefor, discussed in appellant's brief and which are determinative of this appeal are: (1) the verdict is contrary to law; (2) contended error in the court's refusal to give certain instructions tendered by appellant; (3) contended error in overruling appellant's motion that the cause be withdrawn from the jury for misconduct of appellee's counsel in making said statements to the jury during his oral argument to the jury.

Appellant contends that the verdict is contrary to law because the evidence shows that appellee was guilty of contributory negligence. Appellant relies upon the rule of law that to maintain an action for property damages arising out of tort the plaintiff must not only prove "that the damages were caused by defendant's negligence, but must also prove that the damages were *not* caused by her (plaintiff's) negligence." (In this connection see *Capitol Lumber Co.* v. *Van Hook* (1929), 90 Ind. App. 135, 168 N. E. 471).

The evidence shows that appellant was driving north on Meridian Street, which was a "thru" street

at said intersection and appellee was driving west on Eighteenth Street, which was a "stop" street at said intersection. Appellant contends there was an ordinance of the City of Indianapolis then in effect which required automobiles approaching Meridian Street at said intersection from the east or west to stop at the "property line" of Meridian Street. Appellee testified that she came up to the edge of the curb of Meridian Street "when . . . (she) first stopped." She testified further: ". . . I couldn't see down the street so . . . I pulled out about the length of the hood and I saw . . . (appellant) coming . . . . I waited for him to turn out and pass me . . . (but) he drove up and hit my car." Appellant contends that the "uncontradicted evidence thus showed that the appellate violated a city ordinance and was guilty of negligence per se." (Citing *Union Traction Co.* v. *City of Muncie* (1923), 80 Ind. App. 260, 133 N. E. 160).

The mere fact that appellee was negligent in violating such ordinance does not warrant a reversal of the judgment; to warrant a reversal on the ground of appellee's negligence it must be conclusively shown by the evidence that such negligence "contributed" to the accident. The jury was warranted by the evidence in this case to find, and we may assume that the jury did find, that said negligence of appellee in violating the ordinance ceased to have effect when appellee "pulled out about the length of the hood" after she had stopped at the edge of the curb, that the accident would not have occurred if appellee had remained at the edge of the curb, that said negligence did not contribute to the accident, and that appellee was not negligent in "pulling out" from the edge of the curb.

Appellant contends further that the evidence shows that "the parties compromised the question of negli-

gence and proximate cause as to the accident."

He relies upon a "Release and Settlement of Claim executed by him (appellant) which, by its terms, *released appellee* from all liability for personal injuries received by appellant and property damages suffered by appellant as a result of said automobile collision. The release showed that appellant received $1,000.00 as "sole consideration" therefor.

The evidence sustains a finding that there had been a compromise and settlement of appellant's claims against appellee arising out of said collision and that there had *not* been a settlement and compromise of appellee's claims against appellant arising out of said collision. Such a finding would be consistent with the verdict in this case. The evidence does *not conclusively* show that there had been a compromise and settlement of appellee's claims against appellant, therefore appellant's said contention is not tenable.

Appellant complains of the court's refusal to give instruction four (4) tendered by him, which was as follows: "I instruct you that if you find that after the accident out of which arises plaintiff's amended complaint and the defendant's counterclaim, there was a dispute between the parties herein as to the liability therefor, and that said dispute was compromised and settled, then I instruct you that you should find for the defendant and against the plaintiff on the plaintiff's amended complaint."

Said instruction was improper because it is reasonably subject to the construction that if the jury found that there had been a compromise and settlement of appellant's claim against appellee they should find for appellant in this case. It is clear that there could be a compromise and settlement of appellant's claims against appellee arising out of said collision without affecting a compromise and settlement of ap-

pellee's claims against appellant. Said instruction is subject to a construction which denies said proposition of law.

Instruction five (5) tendered by appellant and refused is subject to similar criticism and improper for the same reason.

The statements of appellee's counsel made during his argument to the jury, of which statements appellant complains, were: "The defendant is just like the plaintiff. He does not care if a judgment is rendered against him. He won't have to pay it."

The making of improper statements by counsel in their arguments to juries can not be condemned too severely. Said statements of appellee's counsel were *clearly* improper, but we must recognize the fact that the trial court was in much better position to determine the effect of said statements, than this court is. Trial courts have a wide field of discretion as to motions to withdraw causes from juries because of such misconduct of counsel. We hold that the record does not show an abuse of such discretion here. See *Meeker et al.* v. *Decker* (1937), 104 Ind. App. 594, 10 N. E. (2d) 416.

No error having been shown which requires a reversal of the judgment, the judgment is affirmed.