## MOLNAR v SCOTT-BURR STORES CORPORATION

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3241. Decided Nov. 22, 1940.

Phil S. Bradford, Columbus, for defendant-appellant.

Ingalls & Warnick, Columbus, for plaintiff-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal from a judgment in behalf of plaintiff in the sum of $5000.00 and costs.

The action was for personal injuries suffered by plaintiff when she fell on the floor of a storeroom operated by the defendant.

Three errors are assigned.

(1) Failure of the court to sustain the motion of the defendant to instruct a verdict in its behalf at the conclusion of the plaintiff's case in chief.

(2) That the judgment is against the weight of the evidence.

(3) That the judgment is so excessive as to require the conclusion that it was entered on a verdict returned under the influence of passion and prejudice.

All three of the assigned errors may be considered generally and may be disposed of upon the familiar principle that upon disputed questions of fact the jury is the supreme arbiter and its action will only be disturbed when it is so manifestly against the weight of the evidence as to shock the conscience of the reviewing court.

The cause of action of the plaintiff was predicated upon the claim that the defendant company was negligent in causing the floor of the store to become in a slippery and dangerous condition due to the application of some oily substance thereto or in failing to remove such substance and permitting the floor to remain in a slippery and dangerous condition and in failing to warn her of said condition.

The plaintiff testified and stated where, when and the conditions under which she fell on the floor of defendant. She was a customer and was moving about the store in pursuance of her business therein. She had been at the stationery counter and moved away from it to the east on the south aisle and toward the entrance of the store. When she had reached a place near the cosmetics counter about 5 to 7 feet from the entrance of the store and while looking at the displays of merchandise on the counters she suddenly slipped and fell. The fall was so hard that she tore a new madras suit down its side and ripped all the seams therein. She stated that she had oil around the side, in the front and on the sleeve of her dress, on both hands and knees, that it was a dark substance. The effect of the fall was to daze her and she and others described her condition after she was taken from the store and during the succeeding months prior to the trial and as of the date of the trial. Another witness, Dorothy Green, says that she saw plaintiff's clothes soon after the accident and that on the right side of her right hip her dress was all full of oil and that her right leg and both hands had oil on them. There

was other testimony tending to show that the condition of plaintiff's clothes, hands and elbow was such as would have been caused only by an excess of oil on the floor.

Ada Boggs, an employee of defendant at the time plaintiff was injured, testified that she was near plaintiff when she fell, that her feet seemed to come out from under her and she struck the base of her spine and fell flat on the floor. Ruby Johnson, an employee of Montgomery Ward Company at the time of plaintiff's accident, stated that she was in the store of defendant as a customer near the time when plaintiff fell. Her attention was directed to the condition of the floor at the place where it is probable the plaintiff was injured. The reason that she gave special attention to the place was that she also had slipped and therefore closely observed the floor to see what was the occasion of her mishap. The fact that she slipped was not permitted to go to the jury. She says,

"I saw a place there on the floor where it seemed as though they had waxed the floor just recently with some kind of a substance and it was not on smoothly. The reason I don't think it was on smoothly was because there were places on the floor, several places that it wasn't dry. The surface was not smooth and was splotchy and the place where I slipped made a mark on the floor."

At this place,

"It was dark and other places were a little lighter, looked like it was a little bit damp or like it had too much oil or wax or whatever they used on the floor."

Part of this answer was stricken, but enough remained to disclose that the oil on the floor at the place where plaintiff fell was uneven and remained thereon in an excessive amount.

Comment is made in the brief of counsel for defendant on **Penny, Inc. v Robison, 128 Oh St 626,** and it is urged that upon authority of this case the trial judge should have directed a verdict. There is no difficulty whatever in distinguishing the facts upon which the pronouncement of the court was made in the Penny case and those appearing by the plaintiff's testimony in this case. In the Penny case there was no proof whatever of an excessive amount of oil on the floor where Maud Robison fell except the mere statement that after the fall there was grease or oily substance upon her clean light dress at the place where she struck her hip when she fell. Therein is the distinction between the facts in the two cases. Here there is express testimony that the oil was splotchy in spots. That is to say, that it was on the floor in an amount unusual and not dry. The jury had the right to say that this was an unusual and a dangerous condition and that in the proper application or the proper attention thereafter such condition would not have obtained. The jury likewise had full right to conclude that such method of applying the oil and caring for it after applied was negligent.

There was, of course, marked dispute as to the condition of the floor and the time when it was oiled. Witnesses for the defendant, which the jury had a full right to believe, but declined to do so, stated that the floor had been oiled months before and that it was in the very best of condition. But the time when it was oiled is also in dispute because plaintiff says that Mr. Geise, the manager of the store, told her immediately after she fell that the floor had been oiled a week prior to her injury. Ada Boggs says that mops were being used on the floor the Saturday night before the accident and Mr. Geise testifies as to the use of the mops to a state of facts that is conclusive that if Ada Boggs saw the employees using mops they were being used in application of oil on the floor.

So that, upon the question of the condition of the floor, the negligence of the defendant in creating the condition or permitting it to continue after it should have known of its existence is clearly established if plaintiff and her witnesses are to be believed. The

jury believed them as it had the right to do.

The court then committed no error in submitting the case to  the jury nor can it be said that the verdict is manifestly against the weight of the evidence.

The same conclusion must be reached as to the other claimed error, namely, that the verdict is excessive. There is nothing in the record to indicate passion and prejudice unless it would be the size of the verdict. We can not conclude that this verdict is excessive under the disputed testimony of the medical witnesses. Upon plaintiff's medical testimony she has sustained a permanent injury and will be required to wear a brace indefinitely. Her other injuries are serious and involve the sacroiliac joint.

Upon a full and careful consideration of the record in the light of the law in this case, we are required to say that no prejudicial error intervened against the defendant requiring the reversal of the judgment. We have examined all of the cases cited and find no facts which require further discussion of the law. The case of Penny v Robison, supra, is the leading case in Ohio and there is nothing in the proof of the plaintiff which in any wise conflicts with the law as pronounced in this case.

The judgment will be affirmed.

GEIGER, J., concurs in judgment.
BARNES, J., concurs.