DOMMER v. PENNSYLVANIA R. CO.
No. 8816.

Circuit Court of Appeals, Seventh Circuit.
June 28, 1946.

Fred E. Zollars and Phil M. McNagny, both of Fort Wayne, Ind. (Barrett, Barrett & McNagny, of Fort Wayne, Ind., of counsel), for appellant.

Richard P. Tinkham, and John F. Beckman, Jr., both of Hammond, Ind., for appellee.

Before SPARKS, MAJOR and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an action by the administratrix of the estate of William L. Dommer to recover damages for decedent's death, allegedly caused by defendant's negligence at a railroad crossing in East Chicago, Indiana. Defendant denied the negligence and charged the decedent with contributory negligence which it claimed was the proximate cause of decedent's death. The trial judge submitted the case to a jury, who returned a verdict in favor of plaintiff. From the judgment upon this verdict defendant has appealed.

The questions raised are (1) was decedent guilty of contributory negligence as a matter of law? and (2) were certain instructions proper? There is no question as to defendant's negligence other than as it relates to the defense of contributory negligence.

The record discloses the following facts: William L. Dommer, a truck driver for the Standard Oil Company, was struck and killed by the Broadway Limited of the defendant railroad company while operating his truck across the Riley Road crossing in East Chicago, Indiana. At the place of the accident, Riley Road extended in an approximately north and south direction, and the tracks of the defendant railroad company approximately east and west, making substantially a right angle intersection. There were two main tracks, one eastbound, the other westbound, the westbound the northerly and the eastbound the southerly one. South of the southerly or eastbound track, at the intersection, was a spur track. The defendant maintained five flasher signals at this crossing, two on the south and three on the north side of the tracks. East of the road and slightly north of the southeast flasher light was a board fence about eight feet high which obstructed the view of highway drivers approaching from the south, until they had passed the southeast flasher light.

The decedent approached the crossing from the south. He stopped his truck after he had crossed the spur track but before he came to the eastbound main track. There is no evidence as to whether he stopped his truck prior to crossing the spur track. While decedent was thus stopped, a freight train traveling east crossed the crossing. When the caboose of the freight train was forty to seventy-five feet east of Riley Road, decedent started his truck, slowly as it was heavily laden, and drove north. As he crossed the westbound track, his truck

was struck by the Broadway Limited of defendant and he was killed.

In support of its contention that plaintiff's decedent was guilty of contributory negligence, defendant urgently insists there is no evidence that the flasher signals were not working and that the whistle of the train was not audible. Without relating the testimony in this regard, it is sufficient to state we have studied it and while it is not as convincing as it might be, we are of the view that it was such as to present a jury question. See Bartley v. Chicago & E. I. R. Co., 216 Ind. 512, 522, 24 N.E.2d 405. We must, therefore, proceed upon the theory that the flasher signals were not operating and that, even though sounded, the whistle was inaudible to decedent.

The Indiana law, which is controlling (Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487), is that contributory negligence is a question of fact for the jury, and it is only where the facts are undisputed and where a single inference can be drawn from the facts that the court can say, as a matter of law, that certain acts do or do not constitute contributory negligence. Cushman Motor Delivery Co. v. McCabe, 219 Ind. 156, 36 N.E.2d 769; Baltimore & Ohio R. Co. v. Reyher, Adm'x, 216 Ind. 545, 24 N.E.2d 284; Bartley v. Chicago & E. I. R. Co., supra.

Defendant contends that decedent failed to stop within fifty feet but not less than ten feet from the nearest track of the railroad crossing, as provided in Sec. 47-2114,[1] Burns' Indiana Annotated Statutes 1933, and therefore he was guilty of contributory negligence as a matter of law. It cites three cases in support of this proposition but none of them sustain such a view.

All involve factual situations wherein the injured party drove onto the track or into the train without stopping at all, and when by looking he could have seen the approaching train for some distance. Such is not our case. Herein the decedent stopped within the prescribed distance of the main track. But defendant argues that he was required to stop within ten feet of the spur track. There is no proof as to whether decedent did or did not stop within ten feet of this track. Assuming such to be the requirement of the statute, it is of no benefit to the defendant for the reason that the burden was upon it to establish by proof the fact upon which it relies. Sec. 2-1025, Burns' Indiana Annotated Statutes 1933. In the absence of such proof, it appears unnecessary to decide whether the statute should be construed as contended for by the defendant.

Further, we are of the view that a violation of the statutory provision under discussion would not constitute contributory negligence as a matter of law. This was the holding of the Indiana court in Coats v. Strawmeyer, 107 Ind.App. 102, 21 N.E. 2d 433, in an analogous situation. In that case the defendant argued that the violation of a city ordinance was sufficient to establish contributory negligence as a matter of law. The court said (107 Ind.App. at page 105; 21 N.E.2d at page 435): "The mere fact that appellee was negligent in violating such ordinance does not warrant a reversal of the judgment; to warrant a reversal on the ground of appellee's negligence it must be conclusively shown by the evidence that such negligence 'contributed' to the accident." Thus the mere fact that the statute was violated does not establish defendant's legal proposition. The question of contributory negligence in respect to the violation

---

[1] "Obedience to signal indicating approach of train.—Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than ten (10) feet from the nearest track of such railroad and shall not proceed until he can do so safely, when:

"(a) A clearly visible electric or mechanical signal device gives warning of the immediate approach of a train.

(b) A crossing gate is lowered or when a human flagman gives or continues to give a signal of the approach or passage of a train.

"(c) A railroad train, as defined in this act, approaching within approximately one thousand five hundred (1,500) feet of a highway crossing emits a signal audible for such distance and such train, by reason of its speed or nearness to such crossing, is an immediate hazard.

"(d) An approaching train is plainly visible and is in hazardous proximity to such crossing."

of the statute was properly submitted to the jury.

Defendant next contends that decedent was guilty of contributory negligence as a matter of law because he drove his truck upon the track in the path of the oncoming passenger train before the obstruction to his view created by the passing freight had passed away, and because decedent failed to look for approaching trains. These contentions must be considered in connection with all the attendant circumstances including the fact that the flasher signals were not operating and the fact that the approaching train's whistle was inaudible to decedent. It was for the jury to decide, under these circumstances, whether or not decedent was guilty of contributory negligence. See Bartley v. Chicago & E. I. R. Co., supra, 216 Ind. 522, 24 N.E.2d 405.

What has been heretofore discussed shows that the court did not err in its refusal to direct a verdict for defendant.

Defendant urges that two proffered instructions were erroneously excluded by the court. We think that defendant is precluded from questioning the court's action as it failed to object thereto at the time of their exclusion. See Andrews v. Hotel Sherman, Inc., 7 Cir., 138 F.2d 524, 530; Federal Rules of Civil Procedure, rule 51, 28 U.S.C.A. following section 723c.

The defendant criticizes the court's instruction relative to the effect of the Travelers' Statute (47-2114, Burns' Indiana Ann.Stat.1933, heretofore quoted). The instruction follows: "I further instruct you in ascertaining whether Mr. Dommer could have proceeded safely onto and across the tracks under the circumstances as shown by the evidence, he was charged with the duty of exercising the reasonable care which an ordinarily prudent person would have exercised under the same or similar circumstances. * * *."

The defendant contends that the statute places a mandatory duty upon the traveler to do two things, (1) to stop within a certain distance from the nearest track, and (2) not to proceed thereafter until he can do so safely. The only controversy is as to

the latter contention. We do not believe the defendant's contention in this respect is realistic. If followed to a logical conclusion, it would mean that the very occurrence of a collision, under the circumstances as shown by this record, would constitute contributory negligence as a matter of law. The Indiana Supreme Court has construed a similar statute (10-1909, Burns' Indiana Ann.Stat.1933) contrary to defendant's position. Heiny v. Pennsylvania R. Co., 221 Ind. 367, 47 N.E.2d 145. In this case the statutory language was even more stringent than the language under consideration. The statute in the Heiny case provided that the driver should stop and "ascertain definitely that no train, car or engine is approaching such crossing and is in such close proximity thereto as to create a hazard or danger of a collision"; in our case the statute provides that the driver stop and "not proceed until he can do so safely." We think the decision in the Heiny case controlling and decisive of the issue involved. The instruction was a proper statement of the law under the Heiny decision.

The judgment of the District Court is affirmed.