**LYLE, Plaintiff-Appellant, v. OLENTANGY CORP., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3924—Decided November 1, 1946.

Herbert & Dombey and Russell E. Leasure, Columbus, for plaintiff-appellant.

M. K. Chew, Columbus, Collis Gundy Lane, Columbus, for defendant-appellee.

### OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a directed verdict for the defendant and judgment thereon.

The action was for damages for personal injuries suffered by plaintiff in falling on a public concourse in front of defendant's bowling alleys. Four errors are assigned:

1. Error in sustaining defendant's motion for an instructed verdict in its favor made at the conclusion of plaintiff's evidence.

2. Error in excluding certain statements made by defendant's employee while acting within the scope of his employment.

3. Error in the exclusion of evidence of plaintiff in the form of a statement made by defendant's employee as part of the res gestae while acting in the scope of his employment.

4. Error in excluding evidence of previous accident as affecting defendant's knowledge of the dangerous condition of its floor.

It is essential to an appreciation of the principal questions urged that the specific averments of negligence be set out. They are:

1. That the floor was highly waxed and polished, rendering it dangerous and very slippery in certain spots.

It should be noticed that this averment is that the floor was dangerous, not in its entirety, but in certain spots and by reason of being highly waxed and polished. The second specification is:

2. That the dangerous and unsafe condition (set out in specification No. 1) was called to the attention of the manager of said recreation room who was then and there acting within the scope of his employment, but that said manager failed and neglected to take the necessary action to apprise its patrons, particularly this plaintiff, of said dangerous and unsafe condition.

The proof as to the first specification of negligence is found in the testimony of plaintiff, which was admitted, that upon walking over the floor it was found to be very slippery, more so than usual and that it was more slippery in some spots than in others. There was no proof that there were any splotches of oil or any unusual condition in the surface of the floor or in the waxing and buffing thereof or in the manner of applying the wax thereto. The other class of testimony tending to show the dangerous and unsafe condition of the floor was a statement made by Harold George Fike, who it is claimed was the managing agent and in control of the defendant's place of business on the night that the accident occurred. This statement was to the effect that the witness had said that two other persons had fallen on the concourse on the night that the plaintiff fell. The other testimony intended to show the dangerous condition of the floor was in the proffer of refused testimony sought to be adduced by questions propounded to the witness, Fike, to the effect that prior to the accident boys had skated on the surface of the floor.

It will be noted that the first proffer was not to the effect that others had fallen on the floor but that the witness had

said that others had fallen. This observation was made by the witness after the plaintiff had fallen, had been removed to an adjacent room and some ten minutes had elapsed. It is tendered upon the theory that it is a part of the res gestae. The trial judge held to the contrary. The authorities support his position. The statements were not so closely connected with the occurrence of the injury as to constitute a part thereof. They were not spontaneous expressions emanating from, and as a result of, the immediate influence of, the occurrence which caused plaintiff's injury. 17 O. Jur. 345; Stough v Industrial Commission, 142 Oh St 446; Cincinnati Interurban Co. v. Haines, 8 O. C. C. (N. S.), 77; Cincinnati Traction Co. v. Jamison, 13 O. C. C. (N. S.), 110.

We have discussed the admissibility of the statements claimed to be a part of the res gestae upon the assumption that Mr. Fike was shown to be the agent of defendant company in charge on the night of plaintiff's injury. There is serious doubt if such proof is made. Mr. Fike said that he acted as manager in the absence of the regular manager; that they were without a manager for a period of time during the summer when he (the witness) acted at nights as manager. Finally, this question was put and answer made:

Q. "You were in charge at night under those circumstances."
A. "That is right, if it was that particular time I would say I was, if it was at that period of time."

The matter was not made any more definite.
The witness was interrogated as follows:

"Now, Mr, Fike, I will ask you whether or not on the day of this accident any of the patrons of the bowling alley or the building itself skated over that portion of the floor?"

And also,

"* * * whether day in and day out for at least a week or two weeks previous to this accident patrons of the bowling alley, primarily North High Street boys and girls, skated over this portion of the floor where Miss Lyle was found immediately following her fall?"

The answer to the latter question should have been permitted, but the answers as proffered would not in themselves

have been sufficient to establish the essential elements of plaintiff's case.

As we have heretofore noted, the averments of negligence which are connected are, first, a floor dangerous and slippery in certain spots because of its being highly waxed and polished, and, second, that this condition was brought to the attention of the manager of the recreation room. The charge is not that the floor in its entirety created an unsafe and dangerous condition, and we are not discussing such a case which may be differentiated from that which is set out in the amended petition here.

Under the language and holding of our Supreme Court in **Penney Company v Robison, 128 Oh St 626,** the plaintiff failed to make a case. Here, as in the cited case, the negligence charged is substantially the same and the only proof as to any dangerous condition created by the waxing of the floor was that it was waxed and polished every day. Nor is there shown any difference or unusual condition, except as a conclusion of plaintiff, in one part of the floor as distinguished from the other. There is no testimony which would constitute notice to Fike of any dangerous condition such as is pleaded.

No assignment of error is established except the refusal of the Court to admit certain testimony, which was not materially prejudicial to plaintiff's rights; and, as no other error intervened to the prejudice of plaintiff in the direction of the verdict for defendant, the judgment must be affirmed.

WISEMAN and MILLER, JJ, concur.

ON APPLICATION FOR REHEARING

Decided November 15, 1946.

By THE COURT:

Submitted on appellant's application for rehearing, consisting of two grounds:

1. The Court did not give plaintiff's evidence the most favorable intendment to plaintiff.

2. The Court cited cases involving res gestae where the statements made were in response to inquiries, therefore not spontaneous.

We are quite familiar with the principle that on a motion for directed verdict the evidence must be given the most favorable intendment for the plaintiff. This we did in the consideration of the appeal. It is true that we mentioned ten

minutes as the time elapsing between the injury to the plaintiff and her conversation with Mr. Fike and this is at variance with the testimony of the plaintiff who fixed the period as five minutes. The plaintiff is entitled to the most favorable interpretation of the testimony which is required by the variation in the time. However, all other circumstances surrounding the statement were as we set them out and the difference in time alone would not be sufficient to overcome the particulars wherein we indicated that the statement sought to be proffered was not spontaneous and of such character as to make it a part of the res gestae.

The second ground of the motion is but a reiteration of the first. It is urged that we are not clear in our statment of controlling principles. This may be. In any event, we doubt if we could add anything to clarify what we have already stated. It is true that we set forth some grounds to support the action of the trial judge in directing a verdict which he did not specifically rely upon for his action. This, of course, is immaterial because the test is whether for any reason he was correct in the action taken.

The application for rehearing will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.