**THOMAS, Plaintiff-Appellant, v. MERCHANTS NATIONAL BANK, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2149.   Decided January 16, 1952.

354

Mason Douglass, Dayton, for plaintiff-appellant.
Landis, Ferguson, Bieser & Greer, Warren A. Ferguson, of Counsel, Dayton, for defendant-appellee.

**OPINION**

By THE COURT:

This is a law appeal from a judgment for the defendant entered upon a directed verdict of a jury at the conclusion of plaintiff's case. Plaintiff's action was for damages for personal injuries sustained when she fell on a floor of the place of business of the defendant bank.

The facts essential to an appreciation of the errors assigned are that plaintiff, a depositor of the defendant bank, entered the lobby of the banking offices on the morning of January 29, 1950, for the purpose of making a deposit. The bank building on the south side of East Third Street, Dayton, Ohio, is entered by a vestibule to the lobby to the right and left of which were elevated areas. The left upper area, as you enter, was occupied by offices. The right upper area, about 12 feet long and 14 feet deep was reserved for the accommodation of patrons of the bank. A table was in the center of this area and a davenport at the south side thereof. Each elevated floor was reached by a step 5 inches high extending the full length of the front of the areas and along the lobby. There was a balustrade along the left upper level but none on the right. Simply stated, the upper waiting room to the right was reached by a step 5 inches high and 12 feet long along side the main aisle of the bank. The plaintiff had not been onto this elevated portion of the banking quarters before the day of her accident and had come there, sat down and prepared to make her deposit. She was in no hurry and waited for several minutes before stepping into the main aisle. She testifies that it was slushy out side but that the galoshes which she wore were dry; that the elevated area and the lobby immediately adjacent thereto were wet and slippery. The extent to which the moisture covered the floor does not appear. The surface of the elevated floor was of cork composition up to within 4 inches of the edge thereof adjacent to the lobby which edge was of marble as was the lobby floor. As plaintiff left the elevated area she slipped on the edge of its flooring at the step and onto the edge of the lobby floor, fell and was

seriously injured. Plaintiff alleges that the defendant was negligent, proximately causing her injuries, in four particulars.

(1) In failing to maintain proper steps to afford safe descent from the upper level to the lower level.

(2) Failing to maintain a balustrade, or rail, separating the said two levels so that the bank customers would thereby be apprised of the exact division line between the said levels, and be thereby, assisted.

(3) Failing to establish any demarcation between the two levels, either by color distinctions, or by other distinctive characteristics.

(4) Negligently permitting particles of slush, consisting of melting snow, to be on said floor at said point, at said time, and by said neglect, make said area slippery for use, and that defendant knew that, due to the identical appearance in the texture of the two floor levels, and the lack of steps, and a rail at said floor levels, passage over the same was dangerous, particularly when said floor was wet, but, nevertheless, permitted the said conditions to obtain without warning to the plaintiff.

The answer of the defendant was after certain formal admissions a general denial of the averments of the petition with an averment that plaintiff's injuries were caused by her own want of care. Plaintiff replied denying any negligence on her part.

At the conclusion of plaintiff's case, defendant moved for a directed verdict which was sustained by the trial judge upon two propositions.

(1) That no actionable negligence was established against the defendant and

(2) That if negligence could be found from the record, the plaintiff could not recover because she was contributorily negligent.

We have before us the opinion of Judge Cecil in granting the motion for a directed verdict and are in accord with his action and the reasons stated to support it. We rest our judgment in the main upon his opinion but the assignments of error require some specific consideration.

The argument of appellant is largely directed to the claim that the construction of the floor of the upper level and particularly the edge thereof in its relation to the floor of the lower level, created a dangerous condition when wet. The evidence discloses that the floor of the upper level was uniformly 5 inches higher than the lower level. There is some testimony that the upper level may not have been well lighted, but this was without probative effect as to a dangerous situa-

tion in view of the admission of the plaintiff that she knew of the step and the relative location of the levels. It is obvious that whatever hazard confronted the plaintiff was in the most favorable light to her, a combination of a wet surface and the type of floor surface. It is contended that the fact that the greater part of the surface of the upper level was of cork composition and the edge of marble made that surface more slippery when wet than if it all had been of cork.

The use in a building of concrete, marble, tile, terazzo, or hardwood floors, even though slippery and smooth, does not of itself constitute negligence. 65 C. J. S. 588. Nor, does a step down or a step up in a public building in and of itself constitute negligence. 65 C. J. S. 585. The only effort made to establish that the type of construction of the upper level was dangerous was by the cross-examination of officers of the bank, Mr. Fox and Mr. Hammond, which we hereinafter discuss.

Assignment of error No. 1 with 16 subdivisions thereof is directed to the exclusion of evidence offered by the plaintiff. We are content to say, without comment, that no error was committed in the rulings which are questioned by assignment 1 (a), (b), (c), (d), (e), cross-examination of Mr. Fox, and (f), (g), cross-examination of Mr. Hammond.

We are of the opinion that the Court erred in refusing to permit answers to the questions set out in assignment of error No. 1 (h), (i), (j), (k), (m), (n), (o), (p).

Question No. 1 (h), (i), (j), sought to elicit from a witness for the plaintiff, Mrs. Conley, her observation prior to the date of plaintiff's accident of the condition of the floor in the banking lobby when wet as to whether or not it was slippery and she would have testified that it was. This was an essential element of plaintiff's case. The question in 1 (m) of the witness Hammond was whether or not the area of the floor was slippery when wet. This should have been admitted as should have (n) whether or not the marble flooring was more slippery when wet than was the cork and (o) and (p) whether there was a difference in the texture in the marble and the cork which was noticeable on walking. However, in our view of the whole case as made by the plaintiff and as would have been made, had this testimony been admitted, its denial was not prejudicial. The trial judge on the motion had to accept the proof from plaintiff herself that both upper and lower levels in the area where she fell were wet and slippery.

Assignment 2, "error in excluding evidence" as to the inherent danger in the construction and the changes effected therefrom, not as a matter of repair but because of the inherent and faulty nature and condition obtaining at the time

of the accident. This assignment and No. 3 are directed to the refusal of the court to permit any testimony relating to changed conditions in the place where the accident occurred. It is urged by appellant that this testimony if not admissible on the issue of the negligence of the defendant in the construction of the floor was admissible to contradict the contention of the defendant that the condition was beyond remedy and to show that the defendant was in control and that it should have been admitted for these purposes and so limited. Had the trial judge relied upon the failure of the plaintiff to show that the defendant was in control of the place where the fall occurred or that the condition complained of by plaintiff was beyond remedy the refusal to admit the testimony might be prejudicial. He relied upon neither but rested upon the infirmity of the proof of plaintiff as to defendant's negligence and the suggestion of her own contributory negligence

The weakness of the plaintiff's case here is that she seeks to recover by reason of a fall which was caused by a condition of which she was cognizant, viz: a wet, slippery floor but there is no showing that the defendant knew of this condition. No witness other than the plaintiff testifies as to the wet and slippery condition of the floors on the day of the accident. There is no proof of any dangerous condition because of specifications of negligence 1, 2, or 3 and it is only in combination with number 4, the moisture on the floor, that any hazard attended the movement of plaintiff.

Much is said in appellant's brief to the effect that evidence of prior accidents suffered by falls on the slippery marble floors of the bank should have been admitted for the purpose of proving notice to the bank of a dangerous condition but we find no proffer of any such testimony.

Although this case differs in its facts in some particulars from any reported cases from our Supreme Court in material essentials, it may be controlled by **Kresge Co. v. Fader, 116 Oh St 718; Boles v. M. W and Company, 153 Oh St 381;** and **The J. C. Penny Co., Inc. v. Robison, 128 Oh St 626; Herbst v. Y. M. C. A., 57 Abs 87;** and from this Court, **Lyle, etc. v. Olentangy Corp., 80 Oh Ap 351, 47 Abs 359; Molnar v. Scott-Burr Stores Corp., 33 Abs 142.**

There was no sufficient showing of faulty construction resulting in a dangerous situation independent of the slippery condition produced by moisture on the floor even though the testimony refused had been accepted. That the changed conditions make the banking lobby and upper floor safer was not probative of the issue as to the unsafe condition in any of the particulars pleaded.

For a case arising upon facts somewhat similar to those found here wherein it was held that the plaintiff was chargeable with contributory negligence as a matter of law, see Baston v. Western Union Telegraph Co., 75 Fed. Rep. (2d) 154.

We find no prejudicial error established in any of the particulars set forth in the assignments of error.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.