CRISAFI, Plaintiff-Appellee, v. KOWALSKI et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22853. Decided February 24, 1954.

582

E. M. Rose, Cleveland, for plaintiff-appellee.
B. B. Murrad, Cleveland, for defendants-appellants.

## OPINION

Per CURIAM:

This cause comes to this court on an appeal on questions of law from a judgment rendered for plaintiff appellee for $100.00 on a jury verdict in the Parma Municipal Court.

The plaintiff, a duly licensed real estate broker, claimed in his petition that he was engaged by the defendants to purchase a vacant lot at sheriff's sale, that he did so and performed all of the conditions of the employment on his part to be performed and that the reasonable commission due him for these services was $150.00.

The defendants in separate answers denied that plaintiff was engaged to buy any property for them; that he purchased any lot for them: and that any commission was due him and further claimed that plaintiff's action was a means of enriching himself unjustly at their expense.

At the close of plaintiff's case the trial court granted judgment in favor of defendant, Mary Kowalski. The defendant, Stanley Kowalski, is the sole appellant herein.

Plaintiff in his case in chief testified:

"It was in my office. * * * He (defendant appellant) came into my office and he told me that I should go down with him to sheriff's sale to purchase that lot for him which we did on May 7, 1951."

He further testified in detail on direct and in rebuttal as to the services he rendered pursuant to his claimed employment. He said that he checked the title, taxes and plat of the vacant lot in question; did all of the bidding at the sheriff's sale with respect to it; contributed some of his own money in the down payment after the successful bid; obtained the

balance of the money from the defendant Kowalski, and deposited the same in person at the sheriff's office; obtained the deed for the vacant lot in the joint names of Mary Kowalski and Stanley Kowalski; and personally had it recorded, paying for same out of his own pocket.

Defendant appellant categorically denied all of this when on the witness stand. He maintained that on no occasion did he engage the plaintiff to do anything whatsoever in the matter and that in fact he alone, without any assistance from plaintiff, negotiated and carried out the entire affair.

From these facts the main issues in the case were three in number.

1. Was the plaintiff directly and by express contract employed by the defendant to purchase the vacant lot?

2. Did plaintiff substantially perform the services under such agreement?

3. What was the reasonable value of the services rendered by the plaintiff, if the jury found that he was so employed and that he performed the services claimed?

One of the chief assignments of error made by defendant herein is "error in the charges of the court." We have read the bill of exceptions and the full charge of the trial court and are unanimously of the opinion that there was error committed in the general charge which was prejudicial to the substantial rights of defendant appellant.

1. On pages 133 and 134 of the bill of exceptions the trial court in its charge said to the jury:

"So, therefore, there are two things for you to determine: (1) was there an agreement or contract between these two men for the services claimed, and if you determine that there was an agreement, is $150.00 a reasonable value of those services in view of the evidence that you have heard here?"

There then followed an elaboration on the part of the court of the two issues it mentioned. The court made no mention of the issue of substantial performance of the agreement if the jury found that a contract existed between the parties. Yet such an issue, in our opinion, was a vital phase of this case in view of the respective claims made by the parties, and not to have instructed the jury with respect to this important matter in the case was clear error.

In **Simko v. Miller, 133 Oh St 345, par. 5** of the syllabus the Supreme Court said:

"In submitting a case to the jury it is the duty of the court to separately and definitely state to the jury the issues of fact made by the pleadings accompanied by such instructions as to each issue as the nature of the case may require."

2. On page 137 the trial court's charge in part reads as follows:

"If such services were rendered at the instance of the defendant or some one authorized to act for him, the plaintiff would also be entitled to recover if he rendered such services without an agreement as to compensation and at the instance of a person not authorized to act for the defendant, if the defendant knew that the services were being rendered for its benefit."

This likewise was error, since it injects an issue that is not in the case. The plaintiff, both in his pleading and in his testimony claimed an express authorization of employment from the defendant.

3. On page 137 of the bill of exceptions the trial court said further to the jury:

"That is what we construe as a contract by an implied arrangement, an implied set of facts or circumstances taking into consideration all the conduct of the parties between themselves, their associations between them, their respective acts between one another and so on and so forth. Those are the things from which you might imply an agreement, but the essential facts of an agreement must still prevail as I outlined to you in the definition."

This instruction was charging the jury with a proposition of law not in the case. There was no question of an implied contract in this case. Either an express agreement existed between the parties or none at all.

Since this charge dealt with a question not raised by the pleadings or the evidence, it had the tendency to confuse the jury with respect to the issues present in the case. In our opinion the jury was mislead to the prejudice of the defendant.

In Cinn. Traction Co. v. Forrest, 73 Oh St 1, the supreme court had the following to say in paragraph 1 of the syllabus:

"The rule that the court ought to adapt its charge to the issues made by the pleadings and the evidence forbids the introduction into the charge of instructions upon an issue not so raised."

See also: Railways v. Campbell, 79 Oh St 441; Doering v. Cleveland, 65 Abs 257.

The defendant, in his assignments of error, claims also that the court was in error for saying as part of its charge on the preponderance of the evidence:

"If the evidence of one side outweighs the others, if that is the case, then that side is said to have the weight of the evidence or the preponderance of the evidence."

We do not believe this statement to be erroneous because it did not direct the jury to place on either side such evidence only as was offered by that side.

Motor Car Co. v. Dyer, 29 Oh Ap 242, syl. 4:

"Charge in action for injuries that side having evidence which outweighs that of other side has weight or preponderance of evidence did not direct jury to place on either side such evidence only as was offered by that side and was not improper."

Cinn. St. Ry. v. Adams, 33 Oh Ap 312, syl. 8:

"Charge that preponderance of evidence means greater weight of evidence, which does not necessarily mean by greater number of witnesses, but merely that side whose evidence, including witnesses' testimony, any written or documentary evidence, photographs, etc., outweighs that of other side, has weight of evidence. Held, not erroneous as relegating each party to its own evidence."

The other assignments of error we do not deem prejudicial to the substantial rights of the defendant.

The judgment is reversed and cause remanded to the Parma Municipal Court for further proceedings according to law.

Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.