NARREGANG *v.* THE GREAT ATLANTIC & PACIFIC TEA CO.

MASTER AND SERVANT—NEGLIGENCE—PERSONAL INJURIES—DIRECTED VERDICT.

> In an action by the manager of a branch store against his employer for personal injuries caused by plaintiff's slipping on an oiled maple floor in the store while carrying in from the back room a box of canned salmon weighing about 60 or 70 pounds, testimony *held*, to show no actionable negligence, and that a verdict for defendant was properly directed.

Error to Ottawa; Dunham (Major L.), J., presiding. Submitted June 7, 1923. (Docket No. 76.) Decided July 19, 1923.

Case by William P. Narregang against The Great Atlantic & Pacific Tea Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Charles E. Misner,* for appellant.

*Hugh E. Lillie,* for appellee.

MOORE, J.  The plaintiff reviews by writ of error a judgment based upon a directed verdict in favor of the defendant.  No testimony was offered on the part of the defendant, and the facts are not in dispute.  The defendant is operating a store at Grand Haven, which has two rooms, each of them is about 25 feet wide by 35 feet long.  The front room is used to retail the goods.  The back room is used to store the goods.  The floor in the front room is made of hard maple.  The plaintiff is the manager of this store and had been for 18 months.  Part of his duty was to oil the maple floor every Saturday night. He was also required to carry the goods from the back room to put them on the shelves, and to sell them. Sometimes the packages are heavy, and it is claimed by him that his superior had, on more than one occasion, promised to furnish him a truck to facilitate the movement of the goods from the back room to the front room, but at the time of the accident had not done so.

The plaintiff oiled the floor on Saturday evening, July 17, 1920.  On the following Monday morning he was carrying from the back room to the front room a box about 14 inches square and about 24 inches long, filled with canned salmon.  The box weighed 60 or 70 pounds.  He slipped on the oiled floor and the box fell upon him and he was severely hurt.

On the cross-examination he testified:

"No official of the company ever instructed me to carry in a whole case of salmon at one time.  I did that of my own volition.  I could have carried smaller quantities but could never have got the work done if I had.  *  *  *  No one instructed me as to how much oil to put on the floor, that was left to my judgment.  *  *  *  They didn't tell me how much to carry at one time and put on the shelves, that was left to my judgment.  I had never been injured before while working for the company."

He had testified in his earlier examination "that I was getting scared of walking across the floors, that I had slipped two or three times."

It was agreed upon the trial that defendant had not elected to come under the workmen's compensation law. The record does not disclose the age of the plaintiff or his physical condition before the accident, but it does disclose that he was a married man.

Counsel have prepared excellent briefs in which they discuss the doctrine of safe place to work and the duty of the employer to furnish to the employee adequate tools to do the work in hand.

It appears from what has already been said that the case is a simple one. It is a matter of common knowledge that many business places have oiled maple floors. It is also a matter of common knowledge that a box 14 inches square and 24 inches long, weighing 60 or 70 pounds, would not be a very heavy load for a man of ordinary strength to carry a short distance. It was not made to appear that the accident would not have happened if a truck had been furnished the plaintiff. We think no actionable negligence has been shown, and the trial judge properly directed a verdict for the defendant. See *Scendar* v. *Winona Copper Co.*, 169 Mich. 665; *McBroom* v. *Siegel Co.*, 175 Mich. at p. 189; *Lydman* v. *De Hass*, 185 Mich. 128; *Horn* v. *Parke, Davis & Co.*, 215 Mich. 581.

The judgment is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.