DESENDORF v. PACKERS OUTLET, INC.

1. NEGLIGENCE—VESTIBULE OF GROCERY—DANGEROUS CONDITION OF PREMISES.

In action to recover for injuries received when plaintiff fell in vestibule of defendant's grocery store, plaintiff has burden of showing that there was ice and snow where she fell or that defendant knew, or had cause to know, of the condition of the premises likely to cause injury.

Abutting owner not liable for injuries from snow and ice sustained on highway or sidewalk, see 2 Restatement, Torts, § 349 and illustration 2.

Liability when injury occurs on the premises of possessor who knows or should know of dangerous condition, see 2 Restatement, Torts, § 343 (a).

2. APPEAL AND ERROR—TRIAL WITHOUT JURY—QUESTION OF FACT.
    Whether there was ice and snow in vestibule of defendant's
    grocery store where plaintiff is alleged to have fallen or
    whether defendant knew or had cause to know of a condition
    of the premises likely to cause injury *held*, a question of fact
    for trial judge who heard case without a jury.

3. SAME—TRIAL WITHOUT JURY—CREDIBILITY OF WITNESSES—WEIGHT
    OF EVIDENCE.
    In a trial without a jury the trial judge is the judge of the
    credibility of witnesses and the weight of the evidence.

Appeal from Wayne; Shaffer (John C.), J., presiding. Submitted January 14, 1941. (Docket Nos. 103, 104, Calendar Nos. 41,464, 41,465.) Decided March 11, 1941.

Separate actions of case by Nellie Desendorf and Herbert Desendorf against Packers Outlet, Inc., a Michigan corporation, and another for injuries sustained in a fall while upon defendants' premises. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Payne & Payne,* for plaintiffs.

*Mason, Davidson & Mansfield (Carl F. Davidson* and *Glenn W. Fagerlin,* of counsel), for defendant.

McALLISTER, J. Plaintiff Nellie Desendorf brought an action for damages against Packers Outlet, Inc., a grocery company, and Jefferson Eastlawn Corporation, the owner of the premises in which the grocery company carried on its business, claiming that she was injured by reason of failure to maintain the said premises in a safe condition for the use of the public. She claimed that snow and ice were allowed to accumulate at an entrance way and that, as a result of such negligent maintenance of the premises,

she slipped and suffered a broken hip and other serious injuries. The case was heard before the court without a jury. The cause was dismissed as to the Jefferson Eastlawn Corporation; and a judgment of no cause of action was entered in favor of Packers Outlet, Inc., from which plaintiff appeals. Plaintiff's husband, Herbert Desendorf, also brought suit, and the two cases were consolidated for trial and appeal.

In her declaration, plaintiff claimed that snow and ice were allowed to accumulate in the vestibule of the building, and she testified that she slipped and fell "inside of the vestibule door." Defendant claimed that plaintiff slipped and fell on the sidewalk outside their premises and that there was no snow and ice in the vestibule, but that it was dry. There was testimony that after the accident an employee of the grocery company put some salt and sawdust on the sidewalk incline leading to the vestibule. The trial court found:

"The physical conditions as to snow there in the vestibule claimed by the plaintiff are also disputed by the testimony of the employees of the defendant, in that immediately after the accident there was no snow visible in the vestibule. There was an absence of testimony that the condition claimed by the plaintiff ever had existed there prior to or after the accident, and there is an absence of testimony that the condition claimed by the plaintiff was ever brought to the knowledge of the defendant or its employees."

Although the findings are not explicit, it is apparent that the trial court found that plaintiffs did not establish defendant's negligence by a preponderance of the evidence. If the trial court was not persuaded that there was ice or snow where plaintiff fell, or that there was evidence that defendant

knew, or had cause to know, of the condition of the premises likely to cause injury, plaintiff had no right of recovery. The issue was one of fact. There appears nothing in the record to cause us to substitute our judgment for that of the trial court who saw and heard the witnesses and was the judge of their credibility and the weight of the evidence.

Judgment affirmed, with costs to defendant.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, Wiest, and Butzel, JJ., concurred.