HULETT *v.* GREAT ATLANTIC & PACIFIC TEA CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict at close of plaintiff's case, the Supreme Court considers the testimony in light most favorable to plaintiff.

2. TRIAL—STRIKING OUT ANSWERS.

In customer's action for injuries sustained in fall while in defendant's retail grocery store after plaintiff had testified that she had looked on the floor after she fell, it was error on the part of the court to exclude, as not responsive to inquiry as to what she saw, an answer that the floor had been oiled and there was oil on the floor with dirt in it.

3. EVIDENCE—CONDITION OF PREMISES.

In action for injuries sustained by plaintiff when she fell upon defendant storekeeper's floor between 10 and 11 o'clock in the morning, testimony that there was oil and dirt on the floor about 6 o'clock in the afternoon of the same day was properly rejected as too speculative and remote to indicate the condition of the floor at the time of the accident in absence of proof the floor was in the same condition at the time of the accident.

4. NEGLIGENCE—STOREKEEPERS—OIL ON FLOOR—EVIDENCE.

In customer's action for injuries sustained when she fell upon floor of defendant's grocery store, evidence that floor had been oiled, that plaintiff had slipped in an accumulation of oil and dirt on the floor, and that her hands, coat, stockings and shoes were soiled with oil and grease after the accident presented an issue of fact as to defendant's negligence, which should have been submitted to jury.

5. SAME—STOREKEEPER TO PROVIDE SAFE PLACE FOR CUSTOMERS.

The proprietor of a retail grocery store is not an insurer of the safety of customers on his premises but he does have a duty to use reasonable care to provide a reasonably safe place for them on his premises.

6. SAME—OILED FLOORS.

It is not negligence *per se* to have an oiled floor in a store, or to apply oil to a floor if it is applied in a proper manner, so that it is not in a different condition from that usual with oiled floors.

---

For care required of business visitor in observing condition of premises, see 2 Restatement, Torts, § 343 and comment (d).

For duty of care owed by owner to business visitor, see 2 Restatement, Torts, § 343 and also comment (e); and

For duty toward visitor with respect to affirmative acts of the owner, see 2 Restatement, Torts, § 341.

7. SAME—OILED FLOORS—HAZARDOUS CONDITION FOR CUSTOMERS.

The mere fact that a customer slips on an oiled floor and injures himself does not establish actionable negligence as there must be evidence that the floor was improperly oiled so as to create a hazardous condition.

8. SAME—DANGEROUS CONDITION CREATED BY DEFENDANT—KNOWLEDGE INFERRED.

In customer's action against retail grocery storekeeper for injuries sustained when she fell upon the floor of the store, it was not necessary that she prove defendant had actual or constructive knowledge of the hazardous condition of the floor where the alleged negligence was that of defendant in creating the condition in permitting oil and dirt to accumulate thereon as knowledge of the alleged hazardous condition created by the defendant is inferred.

9. SAME—DANGEROUS CONDITION OF PREMISES—NOTICE TO STOREKEEPER.

While a storekeeper is liable for injury resulting to customers from an unsafe condition of the premises caused by the active negligence of himself and his employees, he is liable for damages resulting from such condition otherwise caused only when the condition is known to him or is of such a character or has existed a sufficient length of time that he should have had knowledge of it and had a reasonable time to correct such condition.

10. SAME—STOREKEEPERS—CONTRIBUTORY NEGLIGENCE—CUSTOMERS.

In customer's action against retail grocery proprietor for injuries sustained when she fell upon the floor of the store, the question of the customer's contributory negligence does not arise until defendant's negligence is shown.

11. SAME—CUSTOMERS—CONTRIBUTORY NEGLIGENCE.

A customer in a grocery store cannot be said, as a matter of law, to be under obligation to look for an unsafe condition on the floor, and negligence will not be imputed to plaintiff for failing to look out for danger if, under the surrounding circumstances, she had no reason to suspect that such danger was to be apprehended.

12. SAME—CUSTOMERS—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW.

In customer's action against retail grocery storekeeper for injuries alleged to have been sustained because defendant permitted a quantity of oil and dirt to accumulate upon the floor, plaintiff was not guilty of contributory negligence as a matter of law in failing to look for such hazardous condition.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 4, 1941. (Docket No. 65, Calendar No. 41,631.) Decided September 2, 1941.

Case by Nellie E. Hulett against Great Atlantic & Pacific Tea Company, a New Jersey Corporation, for personal injuries alleged to have been sustained because of the unsafe condition of defendant's premises. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial ordered.

*Clifford M. Toohy,* for plaintiff.

*Charles R. Fox,* for defendant.

STARR, J. The plaintiff, 62 years of age, was living with her unmarried daughter in the city of Detroit. The defendant conducted a retail store in Detroit. Plaintiff entered defendant's store between 10 and 11 o'clock in the forenoon on April 7, 1939, to make certain purchases. While walking from the meat to the grocery counter, plaintiff slipped and fell, injuring her left leg. She was removed to her home and was attended by a physician, who advised her to remain quiet until the swelling and soreness had subsided and then to use the injured leg in a limited way to prevent stiffness. While doing housework on June 3, 1939, plaintiff started to go down a stairway to the basement. When she reached the last step, her left leg gave way and she fell, fracturing her right shoulder and aggravating the left leg injury.

Plaintiff began suit against defendant June 27, 1939, alleging that:

"While walking from one department of the store to another department, she slipped in a pool of oil, or a mixture of oil and dirt * * * (and)

"That defendant was negligent in carelessly permitting an abnormal collection of grease, oil and dirt to be on said floor so that it presented a hazard which plaintiff slipped in."

In amended declaration, filed June 20, 1940, plaintiff alleged that her injuries suffered in the accidents of April 7 and June 3, 1939:

"Were due to the negligence of defendant company in carelessly applying oil to the floor of its store, and in carelessly permitting the oil and grease to collect on said floor in an abnormal and hazardous manner, so that plaintiff, while being in the exercise of due care, slipped and fell on the floor on April 7, 1939, and later, because of the weakened condition of said leg, and pursuant to the express directions of her physicians while walking about her home and down the stairs from the first floor to the basement, fell and received the injuries hereinbefore described."

Defendant filed answer denying the allegations of negligence and contended that plaintiff was guilty of contributory negligence as a matter of law. When the case was assigned for trial, defendant moved to strike out that portion of plaintiff's declaration which related to her accident on June 3, 1939. The trial court denied such motion to strike on the ground that plaintiff sustained her second injury while following a course of conduct prescribed by her physician at the time of her first injury on April 7th. Defendant applied to this court for leave to appeal from the order denying motion to strike, which application we denied without prejudice September 5, 1940.

This case came on for jury trial, and plaintiff put in her proofs regarding both accidents and her permanent injuries. At the conclusion of plaintiff's case, defendant moved for directed verdict on the ground plaintiff had failed to prove actionable negligence on the part of defendant and that plaintiff was guilty of contributory negligence. The court granted such motion and directed verdict for defendant. Motion for new trial was denied, and plaintiff appeals.

On this appeal from a directed verdict, we must consider plaintiff's testimony in its most favorable light. The question is: Did plaintiff's testimony, viewed most favorably to her, present a question of fact as to defendant's negligence, for submission to the jury?

Plaintiff testified regarding the condition of the floor in defendant's store as follows:

"*Q.* And will you tell us just what happened after you finished buying that meat?

"*A.* I put the meat in the basket and was going across to get the groceries, and going across I slipped and fell on this—fell on my right knee—on my left knee, and rolled over.

"*Q.* We can't get you here. What happened again?

"*A.* I slipped on the—the condition of the floor was such that I—my foot went out from under me so quickly and I struck on this knee and rolled over. I just can't tell you how I did it.   *   *   *

"I was pretty frightened but I knew it was oil on the floor.

"*Q.* I beg pardon?

"*A.* I say, it was oil on the floor because I—I was so frightened I didn't notice. My hands struck the floor also and they were soiled from the oil. It was an accumulation as dirt will settle, black dirt

and oil you know. As I slipped my foot just slipped right out from under me sideways. There was a mark on the floor where I slipped. It showed about six inches.    *    *    *

"*Q.* Well, Mrs. Hulett, you had this fall and then you looked, you say, to see what it was that caused the fall?

"*A.* Yes.

"*Q.* Now, tell us just exactly what it was you saw on the floor, just before getting up?

"*A.* Well, I have told the truth and I don't know what else to say.

"*Q.* Well, that is all right, that is all we want, Mrs. Hulett. You told the truth, but what was it you want to tell us, let us have it in your own words.

"*A.* That the floor had been oiled and I slipped on it."

The trial court clearly erred in striking out the following testimony by plaintiff, on the ground that it was not responsive to the question:

"*Q.* Tell us whether or not you looked on the floor to see what it was you slipped on? Just tell me "Yes" or "No" on that. Did you look?

"*A.* Yes.

"*Q.* Now, tell us what it was you saw?

"*A.* Well, the floor had been oiled. And there was oil on the floor with dirt in it."

Plaintiff's daughter, Dorothy Hulett, testified that after the accident there were spots of oil and grease on plaintiff's coat, stockings, and shoes.

Plaintiff's daughter testified further that she went to defendant's store about 6 o'clock on the evening of April 7, 1939, the day on which plaintiff was first injured; that the floor was "spotty" with pools of oil that had not been rubbed in; that there was dirt on top of the oil. Mary Davis, a roomer in plain-

tiff's home, who went to the store with Dorothy, testified regarding there being oil and dirt on the floor.

The trial court rejected this testimony of Dorothy Hulett and Mary Davis regarding the condition of the floor at about 6 o'clock as being too remote to be considered. The trial court said:

"Keeping in mind, of course, that there is testimony in the record that the store was closed for the observation of Good Friday from 12 to 3, and while the testimony of Miss Dorothy sheds some light on the matter, that testimony applies to the situation occurring some eight hours afterwards, after the accident.

"Now, many things could have happened to that floor in the meantime. There is nothing in this record that shows that the floor was re-oiled or swept clean or some other process was applied to it. * * *

"In the realm of law and procedure, that is too remote from the time of the accident; it permits too much to guesswork."

This ruling was proper, as the testimony was too speculative and remote to indicate the condition of the floor at the time of the accident. There was no proof that the floor was in the same condition when viewed by these witnesses at about 6 o'clock as at the time of the accident in the forenoon.

Plaintiff's evidence, viewed most favorably to her, on the question of defendant's negligence is: That the floor had been oiled; that she slipped in an accumulation of oil and dirt on the floor; that her hands were soiled with oil; and that there were spots of oil and grease on her coat, stockings, and shoes after the accident. This evidence is uncon-

tradicted and presents an issue of fact as to defendant's negligence, which should have been submitted to the jury.

Defendant was not an insurer of the safety of plaintiff, but it was its duty to use reasonable care to provide a reasonably safe place for plaintiff as a customer on its premises. *Shorkey* v. *Great Atlantic & Pacific Tea Co.*, 259 Mich. 450. This court has held that it is not negligence *per se* to have an oiled floor in a store, or to apply oil to a floor if it is applied in a proper manner, so that it is not in a different condition from that usual with oiled floors. *Narregang* v. *Great Atlantic & Pacific Tea Co.*, 224 Mich. 178; *Galarno* v. *Great Atlantic & Pacific Tea Co.*, 260 Mich. 113. The mere fact that one slips on an oiled floor and injures oneself does not establish actionable negligence. There must be evidence that the floor was improperly oiled so as to create a hazardous condition. *Narregang* v. *Great Atlantic & Pacific Tea Co.*, *supra*. In the *Galarno Case, supra,* we said:

"Conceding that it is not negligence *per se* to have an oiled floor in a store (*Narregang* v. *Great Atlantic & Pacific Tea Co.*, 224 Mich. 178) or to apply oil to a floor if it is done in a proper manner so it is not in different condition from that usual with oiled floors, there is evidence here of an unusual condition, such an accumulation of oil where plaintiff fell, as to ruin not only her outer garments but her underclothing as well. This is evidence of negligence, and sustains the verdict."

It was not necessary for plaintiff to prove defendant had actual or constructive knowledge of the hazardous condition of its floor, as the alleged negligence was the act of defendant in creating this condition. Defendant could not by its own act create

a hazardous condition and then demand that plaintiff, who was injured as a result thereof, prove it had knowledge of such condition. · Knowledge of the alleged hazardous condition created by defendant itself is inferred.

In *Carpenter* v. *Herpolsheimer's Co.*, 278 Mich. 697, 698, we said:

"The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, *Wine* v. *Newcomb, Endicott & Co.*, 203 Mich. 445; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. *Yarington* v. *Huck,* 218 Mich. 100."

In *Evans* v. *S. S. Kresge Co.*, 290 Mich. 698, 703, a divided court affirmed judgment for plaintiff. On rehearing the judgment was reversed. On the original hearing Mr. Justice Wiest said in his dissenting opinion:

"My Brother's opinion fails to recognize the distinction between conditions occasioned by acts of a storekeeper or his employees and acts of third persons. If a condition liable to cause personal injury to a customer is occasioned by the storekeeper or any employee, no notice thereof and time for remedy is necessary in order to fasten actionable liability. If a condition liable to cause personal injury to a customer is occasioned by another customer, then liability of the storekeeper must rest upon failure to exercise reasonable inspection likely to disclose the menace and neglect to make removal thereof."

On rehearing, the majority opinion, also written by Mr. Justice Wiest, reached a conclusion in accord with his above statement of law.

In *Kroger Grocery & Baking Co.* v. *Diebold,* 276 Ky. 349 (124 S. W. [2d] 505), a case similar to the one at bar, the court said:

"Negligence may consist either in failure on the part of the store proprietor to discover the dangerous condition, though created by a third person, within a reasonable time, or in the creation of the dangerous condition by himself or his agents or servants. Where he has created a dangerous condition or negligently permitted such condition to exist, knowledge on his part is inferred."

In those cases where the alleged hazardous condition was caused by the acts of third parties or weather conditions or other conditions over which the storekeeper had no control, the plaintiff was required to prove that the defendant had notice of such conditions and had reasonable time to correct the same. *Filipowicz* v. *S. S. Kresge Co.,* 281 Mich. 90; *Oppenheim* v. *Pitcairn,* 293 Mich. 475; *Carpenter* v. *Herpolsheimer's Co., supra; Desendorf* v. *Packers Outlet, Inc.,* 296 Mich. 575.

Defendant contends plaintiff was guilty of contributory negligence as a matter of law. The question of plaintiff's contributory negligence does not arise until defendant's negligence is shown. *Brown* v. *Berles,* 234 Mich. 353. Plaintiff could not be said, as a matter of law, to be under obligation to look for an unsafe condition of the floor. Negligence will not be imputed to plaintiff for failing to look out for danger if, under the surrounding circumstances, she had no reason to suspect that such danger was to be apprehended. *Lawrence* v. *Bartling & Dull Co.,* 255 Mich. 580; *Corey* v. *Hartel,* 216 Mich. 675; *Brown* v. *Stevens,* 136 Mich. 311 (16 Am. Neg. Rep. 101); *Wine* v. *Newcomb, Endicott & Co., supra;* Baldwin, Personal Injuries (2d Ed.), p. 138, § 146.

Plaintiff was not guilty of contributory negligence as a matter of law.

Other errors assigned by plaintiff are immaterial in view of the conclusion we have reached. The trial court erred in directing a verdict for defendant and should have submitted the case to the jury.

The judgment is reversed and new trial ordered, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.