## TORMA *v.* MONTGOMERY WARD & COMPANY.

1. NEGLIGENCE—STORE ENTRANCES—PRINCIPAL AND AGENT—EVI-
DENCE.

No liability to plaintiff was established on part of individual
defendant, where liability was based on her duties as store
manager at time plaintiff fell in entranceway and undisputed
evidence shows such defendant was neither the store manager
nor charged with duty of keeping entranceway free of ice and
snow, hence verdict should have been directed in favor of such
defendant.

2. SAME—PLEADING—OPENING STATEMENT—SUFFICIENCY—DIRECTED
VERDICT. .

Motion for directed verdict in favor of defendant store operator,
based on insufficiency of declaration and opening statement to
state a cause of action against such defendant, was properly
denied, where it was claimed such defendant, as invitor, had
the duty of keeping and maintaining its place of business in
a reasonably safe and proper condition to the end that cus-
tomers entering and leaving would not be in danger of receiving
injuries by slipping or falling because of a defective condition
of the approach, that defendant failed to observe its duties,
specifically, by nonremoval of accumulations of snow and ice
from the entrance, knowing such were present and dangerous
to invitees.

3. APPEAL AND ERROR—DIRECTED VERDICT AT CLOSE OF PLAINTIFF'S
PROOFS—EVIDENCE.

Testimony introduced by plaintiff must be construed as strongly
as possible in her favor in determining whether defendant was
entitled to a directed verdict at the close of plaintiff's proofs.

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 4, 6, 10–14,17] 38 Am Jur, Negligence § 134.
[2, 4, 6–14, 17] Duty and liability respecting condition of store or
    shop. 33 ALR 181; 43 ALR 866; 46 ALR 1111; 58 ALR 136;
    100 ALR 710.
[5] 38 Am Jur, Negligence § 96.
[7–9] 38 Am Jur, Negligence §§ 199, 348.
[15] 3 Am Jur, Appeal and Error §§ 973, 1062 *et seq.*
[16] 3 Am Jur, Appeal and Error § 893.

4. NEGLIGENCE—STOREKEEPER—DANGEROUS CONDITION OF PREMISES.
    A storekeeper, as invitor, owes the duty to its customers and patrons, of maintaining its premises in a reasonably safe condition and of exercising due care to prevent and to obviate the existence of a situation, known to it or which should have been known, that might result in injury.

5. SAME—INVITEES—SAFE CONDITION OF PREMISES.
    One who expressly or by implication invites others to come upon his premises, whether for business or other purposes, has the duty to be reasonably sure that he is not inviting them into danger and must exercise ordinary care and prudence to render the premises reasonably safe for the visit.

6. SAME—STOREKEEPER—EVIDENCE—ENTRANCE—ICE.
    An issue of fact as to whether defendant store operator had exercised ordinary care and prudence in failing to sweep out or scrape out ice and slush which had accumulated in entrance to store during period of over an hour in March morning in Upper Peninsula, in view of plaintiff's positive testimony of presence of thin transparent coating of ice on angle iron on 3 1/2-inch step at entrance to store.

7. SAME—CONTRIBUTORY NEGLIGENCE OF INVITEE.
    Contributory negligence of plaintiff invitee to defendant storekeeper's premises was an issue of fact for jury, where plaintiff positively testified that on her second visit to defendant's store in a little over an hour on a March morning she noticed that entrance was somewhat slushier than theretofore but failed to notice a thin transparent coating of ice on angle iron on 3 1/2-inch step, testimony that was contradicted.

8. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion.

9. SAME—TEST OF CONTRIBUTORY NEGLIGENCE.
    What a plaintiff does or fails to do as relates to the circumstances under which he acts is the test to be applied in determining whether he was guilty of contributory negligence.

10. SAME—STORES—ENTRANCE—EVIDENCE.
    Whether defendant storekeeper's employees had made proper inspection of entranceway to store during a late winter morning and took necessary precautions to protect its customers from injury, *held*, a question of fact, where it was a justifiable con-

clusion from plaintiff's testimony that the vestibule had not been cleaned that morning before plaintiff was injured at 10:30 a.m.

11. Same—Entrance of Store—Knowledge of Icy Condition.

Plaintiff's claim that defendant storekeeper's employees had known of condition of entrance at store and that snow and ice were present there in the morning of a late winter's day *held*, to have presented question for jury that defendant's employees were negligent in caring for the entrance in view of testimony of local manager, positive testimony of plaintiff and testimony as to snowfall the day before and other weather conditions by weather observer.

12. Same—Directed Verdict—Judgment Notwithstanding Verdict —Contributory Negligence—Evidence.

Motions for directed verdict and for judgment notwithstanding verdict were properly denied in customer's action against storekeeper, where evidence presented issues of fact as to negligence of storekeeper's employees in keeping entranceway properly cleared of snow and ice and as to contributory negligence of plaintiff.

13. Same—Request to Charge—Constructive Notice of Dangerous Condition of Premises.

Omission to give portion of request to charge that icy condition of entrance to defendant's store may have existed 4 days before charging storekeeper's employees with knowledge thereof, which portion might, and probably would, have resulted in confusion of the jury *held*, not error, since the rule as to length of time such condition must have existed in order to charge defendant with constructive notice varies with the facts and circumstances involved and request was not a proper one.

14. Same—Constructive Notice of Dangerous Condition of Premises—Instructions.

A defendant who fails to prepare and give a request for a specific instruction as to length of time required to impute notice of a dangerous condition of store vestibule may not complain of court's failure to charge jury as to what would be a reasonable length of time for a condition to exist so as to charge such party with notice of its dangerous character, especially where court did leave it to jury to say whether or not the condition, if found to be as plaintiff claimed, had existed for such length of time as to charge defendant with notice.

15. APPEAL AND ERROR—ARGUMENT TO JURY—PREJUDICE.

Claim that conduct of plaintiff's counsel in argument to jury was so prejudicial to defendant as to require reversal of the judgment and the granting of a new trial *held,* without merit.

16. DAMAGES—PAIN AND SUFFERING—PREJUDICE—SYMPATHY.

The Supreme Court does not substitute its judgment for that of the jury on question of amount of damages to be allowed for pain and suffering, where verdict has not been secured by improper methods, prejudice or sympathy and the verdict is not so great as to shock the judicial conscience.

17. SAME—EXCESSIVE VERDICT—ELBOW INJURIES—PAIN AND SUFFER-- ING—ASSIGNED ACTION BY HUSBAND.

Verdict of $7,500 for 39-year-old plaintiff woman who was injured as she fell at entrance of defendant's store *held,* not excessive, where she sustained a deformed finger, permanent injuries to her right elbow with exposure of the bone that will be followed by painful traumatic arthritis, has sustained pain and suffering and her husband had assigned to her his claimed cause of action for damages sustained by him due to her injuries, resultant incapacity, and medical and hospital expenses.

18. COSTS—AFFIRMANCE AS TO ONE DEFENDANT AND REVERSAL AS TO ANOTHER DEFENDANT.

Costs are awarded plaintiff against appellant storekeeper upon affirmance of judgment against it and against plaintiff upon reversal of judgment without new trial as to appellant individual defendant.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted January 14, 1953. (Docket No. 2, Calendar No. 45,526.) Decided April 13, 1953.

Case by Wilma Torma against Montgomery Ward & Company, a foreign corporation, and others for injuries sustained when she fell on icy entrance. Verdict and judgment against Montgomery Ward & Company and Albina Skowronski. Directed verdict for other defendants. Defendants Montgomery Ward & Company and Skowronski appeal. Reversed as to Albina Skowronski. Affirmed as to Montgomery Ward & Company.

*Charles L. Santini* and *Louis J. Gregory,* for plaintiff.

*William G. Cloon,* for defendants.

CARR, J. This is an action to recover damages resulting from the alleged negligence of defendants. On the 9th of March, 1948, defendant Montgomery Ward & Company was operating a store in the city of Ironwood, and was engaged in the business of selling goods, wares and merchandise to the public. Plaintiff's declaration alleged that on the day in question she undertook to return to the store a package that she had previously obtained there, and that she slipped and fell in the entranceway to the store, sustaining certain specific physical injuries. The pleading further averred that it was the duty of the defendants to maintain the premises in a safe condition for plaintiff's use, and that they had breached the duty. Answers denying liability were filed by defendants.

The case was tried before a jury. At the conclusion of the opening statement of plaintiff's counsel, defendants moved for directed verdicts in their favor, claiming that the declaration did not sufficiently charge negligence and that the opening statement was subject to the same objection. The motions were denied. At the conclusion of plaintiff's proofs defendants made further motions for directed verdicts in their favor, asserting that the testimony introduced was insufficient to establish negligence on the part of the defendants and freedom from negligence, on plaintiff's part, contributing to the accident. The motion was taken under advisement as to defendants Skowronski and Montgomery Ward & Company, and was granted as to defendants Ernest and Clara Boileau.

The last named defendants were joined in the action on the basis of plaintiff's claim, set forth in the declaration, that they were the owners of the property in question and were, in consequence, charged with certain duties to the public in maintaining it in a reasonably safe condition. The record indicates that, in fact, they owned a part interest only, that their co-owners were not joined in the action, that the property had been leased to Montgomery Ward & Company, and that under the terms of the lease the owners were not charged with any obligation in connection with the maintenance or operation of the store property. No appeal has been taken from the judgment entered in favor of defendants Boileau. Further reference to them is not required.

At the conclusion of the testimony in the case defendants Skowronski and Montgomery Ward & Company renewed their prior motion for a directed verdict on the ground that the evidence was not sufficient to justify a verdict against either. The motion was taken under advisement and the case submitted to the jury which returned a verdict in favor of plaintiff against both defendants in the sum of $7,500. Motions for judgment notwithstanding the verdict and for a new trial were made and denied. Said defendants have appealed claiming that the trial court was in error in refusing to direct verdicts in their favor. The further claim is made that, because of alleged errors in the course of the proceedings, they were entitled to a new trial.

The assertion of liability on the part of defendant Skowronski was based on the claim, set forth in the declaration, that at the time of plaintiff's accident said defendant was acting as store manager for Montgomery Ward & Company, and that as such she was charged with certain duties for the safety of plaintiff, which she failed to observe. The undis-

puted testimony on the trial disclosed that Mrs. Skowronski was not at the time of the occurrence the manager, such position being held by another employee. Neither did it appear that she was charged with any duties with reference to the maintenance of the entranceway. It must be held, in consequence, that no liability to plaintiff on her part was established. A verdict should have been directed in her favor.

This brings us to a consideration of the claims advanced on behalf of Montgomery Ward & Company, hereinafter referred to as the defendant. As before noted, the motion made on the trial following the opening statement of counsel for plaintiff was based on the alleged failure of the declaration, and the statement, to charge negligence. It is significant in this respect that answers to plaintiff's pleading were filed without any question being raised as to the sufficiency of the allegations of actionable negligence. That plaintiff was an invitee, as claimed by her, is not in dispute.

The declaration alleged the duty of the defendant to keep and maintain its place of business in a reasonably safe and proper condition to the end that customers and patrons entering or leaving the store would not be in danger of receiving injuries by slipping or falling because of any defective condition of the approach. It was further averred that defendant failed to observe the duties resting on it as invitor and specifically that it failed to remove accumulations of snow and ice from the entrance to the store, knowing that the accumulations were present and were dangerous to persons entering and leaving. Without discussing the matter in further detail, we are brought to the conclusion that the declaration was not open to the objections urged against it. The opening statement of counsel presented plaintiff's claims as set forth in her pleading and was sufficient

in substance. The trial court was not in error in denying defendant's motion for a directed verdict based on the alleged insufficiency of the declaration and the statement.

In determining whether defendant was entitled to a directed verdict at the close of plaintiff's proofs the testimony introduced by her must be construed as strongly as possible in her favor. *Loveland* v. *Nelson,* 235 Mich 623; *Thompson* v. *Michigan Cab Co.,* 279 Mich 370. As a witness in her own behalf plaintiff testified that she first entered the store of the defendant about 9:45 in the forenoon for the purpose of obtaining a package that she had previously ordered and which she had been advised was waiting for her. According to her statements, the weather at the time was "moderately crisp, a little blue sky and a bit cloudy." She made note at the time of the condition of the entranceway which contained ice and snow in the east portion thereof. The proofs disclose that such entranceway faced the east and was open. The approach itself was raised somewhat above the level of the sidewalk, and the step was protected by an angle iron which plaintiff testified was about 3 1/2 inches high at the highest point, and 3 inches wide, the highest part being at the northerly edge of the entranceway, which plaintiff stated was approximately 8 or 9 feet in width. She claimed that she had no difficulty getting into the store notwithstanding the ice and snow in a part of the entrance, or in leaving it after she had obtained her package.

It was plaintiff's claim that after she had an opportunity to examine the contents of the package she concluded that they were not satisfactory. As a result she returned to the store of the defendant for the purpose of putting in a further order. The weather at that time, approximately 10:30 in the forenoon, was a little brighter and a little warmer

than it had been on the occasion of her first visit. She described the condition of the vestibule or entrance at that time as "slippery and icy and a little slushier than it was earlier in the morning." She stated further than she saw the angle iron at the time but didn't notice any ice on it. In proceeding toward the door of the store she stepped on the angle iron. Her foot slipped and she fell. She testified that after getting up she looked to see on what she had slipped, and noticed a thin transparent coat of ice on the bar. She explained her failure to notice it before stepping on it on the ground that "it was transparent, it was such a thin coat." Further testimony by the plaintiff related to the nature and extent of her injuries and her physical condition thereafter. Other witnesses in her behalf, including 2 physicians, corroborated her claims with reference to pain and suffering, disability resulting from the fall, and the character of the injuries.

Construed in accordance with the rule above stated, may it properly be said that plaintiff failed to establish a prima facie case of liability on the part of the defendant? As invitor the defendant owed the duty to its customers and patrons, including the plaintiff, of maintaining its premises in a reasonably safe condition and of exercising due care to prevent and to obviate the existence of a situation, known to it or that should have been known, that might result in injury. In *Blakeley* v. *White Star Line,* 154 Mich 635 (19 LRA NS 772, 129 Am St Rep 496), this Court quoted with approval from Cooley on Torts, p 605, as follows:

" 'One is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them

into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit.' "

Plaintiff testified positively to the presence of snow and ice in the entrance to defendant's store. It was her claim that a thin coating of ice on the angle bar was directly responsible for her slipping and falling. If the condition described in the testimony existed at 9:45, it is a fair inference, in view of the weather conditions, that the entrance had not been swept out or scraped out that morning. Under the rule as stated by Justice COOLEY there was at least an issue of fact as to whether defendant had exercised proper precautions to enable its customers to enter the store with reasonable assurance of safety in so doing.

Neither may it be said that plaintiff was guilty of contributory negligence as a matter of law. She had previously entered the store, and had left it, without mishap. When she arrived there at 10:30 in the morning in question she looked at the floor in the vestibule and noted that it was somewhat slushier than on the occasion of her first visit but otherwise the condition was not appreciably changed. Her explanation as to her failure to note the condition of the angle bar is not illogical. If, as she claimed, the coating of ice on the bar was thin and transparent, it is a fair assumption that it could not have been seen by her except by rather close scrutiny. Under the circumstances suggested by her testimony it does not clearly appear that a reasonably careful and prudent person would have acted otherwise under the same or like circumstances. It may not be said that no reasonably minded person would have considered her free from contributory negligence. The question became one

of fact, and, as such, was for the determination of the jury.

In *Reedy* v. *Goodin*, 285 Mich 614, 620, it was said:

"Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion. *Frary* v. *Grand Rapids Taxicab Co.*, 227 Mich 445. If plaintiff was in the exercise of ordinary care under all of the circumstances, he was not guilty of contributory negligence; and what is ordinary care is usually a question of fact. It is the care which an ordinarily prudent person would exercise under the same or similar circumstances."

Likewise, in *Desendorf* v. *Packers Outlet, Inc.*, 296 Mich 575, it was held (syllabus 2):

"Whether there was ice and snow in vestibule of defendant's grocery store where plaintiff is alleged to have fallen or whether defendant knew or had cause to know of a condition of the premises likely to cause injury *held,* a question of fact for trial judge who heard case without a jury."

In *Thompson* v. *Michigan Cab Co., supra,* the claim was made that the driver of the car in which plaintiff was riding at the time of the accident involved in the case was guilty of contributory negligence. In discussing such claim, it was said:

"It is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence. Some cases must, of necessity, stand or fall on their own facts. What one does or fails to do as relates to the circumstances under which he acts is the test to be applied. *Flynn* v. *Kramer,* 271 Mich 500, 505.  *  *  *

"Were Benjamin's actions those of an ordinary careful and prudent man under like circumstances? Can the minds of reasonable men differ in answer-

ing this question? If so, the evidence should be submitted to a jury. *Adams* v. *Canfield*, 263 Mich 666. In cases of this character, it should be made very plain by the proofs that the conduct of plaintiff's driver was negligent before he should be declared to be guilty of contributory negligence as a matter of law. *Frary* v. *Grand Rapids Taxicab Co.*, 227 Mich 445."

This Court has repeatedly held that each case of this nature must be determined on its own facts. *Strong* v. *Kittenger*, 300 Mich 126; *Batchelor* v. *Famous Cleaners & Dyers, Inc.*, 310 Mich 654; *Molitor* v. *Burns*, 318 Mich 261. Any claim that plaintiff was guilty of contributory negligence as a matter of law must rest in large part on the basis of her knowledge of the situation. As testified by her, she noted the condition existing in the vestibule at 9:45 a.m., and knew that there was ice and snow in a portion of the entrance. However, she entered the store and left it without slipping or falling. When she returned later she saw the same situation, in general, that she had noted on her first visit. Under such circumstances the conclusion is not unwarranted that she was justified in thinking that she might again enter the store without being injured in the attempt. In any event the matter is one on which the minds of reasonable men might well differ.

It has been held, also, by this Court that it is not negligence, as a matter of law, for one to attempt to pass over a highway known to be defective. See *Sherman* v. *Consumers' Power Co.*, 199 Mich 543, and prior decisions there cited. In *Branch* v. *Klatt*, 165 Mich 666, plaintiff was injured while leaving a dimly-lighted theatre. It may be inferred that in entering the place she had noted the general situation existing with reference to the stairways. A judgment entered on a verdict directed by the trial court was reversed by this Court which held that

it could not be said that plaintiff was guilty of contributory negligence as a matter of law.

The facts involved in *Great Atlantic & Pacific Tea Co. v. McLravy* (CCA), 71 F2d 396, are analogous in many respects to those in the instant case. There plaintiff fell on an accumulation of ice and snow while leaving defendant's grocery store in the city of Hastings. Motion for a directed verdict on the trial in district court was denied, and the defendant appealed to the circuit court of appeals for the sixth circuit, claiming that there was no substantial evidence to show negligence on its part and that the appellee was guilty of contributory negligence as a matter of law. The judgment in plaintiff's favor was affirmed. As in the case at bar, the testimony with reference to the condition of the entrance to the store was contradictory. Witnesses for the defendant claimed that there was no ice in the vestibule, while plaintiff claimed that when she entered the store the vestibule was icy and slippery. Her testimony in this respect was corroborated. In holding that defendant was not entitled to a directed verdict, it was said:

"It is unquestionably the law that a storekeeper owes to his customers the duty of exercising reasonable care to keep his premises and access thereto in a safe condition for their use, and upon the evidence we do not think that appellant was entitled to a directed verdict upon either of the grounds urged."

It was further urged by appellant that there was no evidence that its agents knew the dangerous condition of the vestibule, or that there were circumstances charging it with knowledge thereof. In rejecting the argument, the court said:

"Passing over the first point and coming directly to the second, appellant was charged with knowledge of that which in the exercise of reasonable care it

might have ascertained. 'Reasonable care' is relative. It varies in degree as applied to different situations. The law requires a merchant to devote more attention to the safety of the entranceway to his store through which his customers are expected and invited to come than to those portions not open to the public. He must exercise proper diligence to keep the entranceway reasonably safe, and he cannot disregard the duty of inspection nor the duty of applying necessary corrective measures at reasonable intervals. We think that it was properly left to the jury to determine whether appellant discharged this obligation."

With reference to appellant's claim that appellee was guilty of contributory negligence as a matter of law, the court commented as follows:

"Appellee admits that she knew the icy condition of the vestibule but she had walked over the slippery streets from her home, a distance of 2 blocks, without injury. As she came out of the store she naturally thought that her rubber overshoes would to some extent serve as a safeguard. She testified that she walked carefully and that just before she slipped she put her hand upon one of the posts (evidently meaning one of the pilasters) to protect herself. Numerous other people were coming and going in safety. Her alternatives were to call for assistance or to wait until the vestibule was cleaned or to pass out through a rear door into an alley, which was not shown to be a safer way. We cannot say as a matter of law that she should have taken any other course than the one adopted."

The above decision was cited with approval by this Court in *Perl* v. *Cohodas, Peterson, Paoli, Nast Co.*, 295 Mich 325, in which it was held that the matter of the plaintiff's contributory negligence was a question of fact for determination by the jury.

We think the foregoing decisions clearly indicate the applicable rule in the case at bar. Defendant's

negligence and plaintiff's contributory negligence were factual issues for the jury. Counsel for appellant argues that the condition to which the plaintiff testified was not shown to have existed for such length of time as to charge defendant with knowledge thereof. The quoted comment of the circuit court of appeals of the sixth circuit in *Great Atlantic & Pacific Tea Co.* v. *McLravy, supra,* with reference to a like contention there made, is in point here. As before noted, it is a fair inference that if the vestibule at 9:45 in the morning was in the condition claimed by plaintiff, such condition had not come about as of that moment but had continued throughout the prior portion of the morning. We may take notice of the fact that the condition as to ice and snow in an open vestibule on a clear day, with no proof of snow blowing into such entrance, is not of such nature that it may come into existence in the matter of a few minutes. The conclusion is fully justified from plaintiff's proofs that the vestibule had not been cleaned that morning. Whether defendant's employees made proper inspection of the condition of the vestibule at reasonable intervals, and took necessary precautions to protect its customers from injury, was a question of fact.

The situation here is not at all comparable to that in *Carpenter* v. *Herpolsheimer's Co.,* 278 Mich 697, to which counsel for appellant refers. There the plaintiff claimed to have stumbled over a box in the aisle of defendant's store. There was no showing as to the place from which the box came, if it fell into the aisle, nor as to the length of time that it had been lying on the floor. Recovery was denied on the ground that there was no proper showing of negligence on defendant's part. Likewise in *Filipowicz* v. *S. S. Kresge Co.,* 281 Mich 90, plaintiff claimed to have slipped on some grease on a stairway in the defendant's store but there was no testimony as to

how such grease got upon the stairway, or that defendant's employees had knowledge of it, or that it had been there for any length of time. In *Ashley* v. *Kilborn*, 333 Mich 283, also cited by appellant, it was held that plaintiff, who testified that he walked into a street for a distance of 13 or 15 feet before making an observation as to approaching traffic, was guilty of negligence as a matter of law. Such cases and others of similar import are distinguishable from the case at bar on the basis of the facts involved. Under the record before us defendant was not entitled to a directed verdict in its favor at the conclusion of plaintiff's proofs.

On the trial of the case in circuit court it was defendant's claim that the vestibule of the store was, on the occasion in question, wholly free from ice and snow. Several witnesses, who were employees of defendant at the time of the accident, testified in its behalf, including the manager of the store at that time. Some portions of such testimony are of special significance. Mrs. Hewitt, the manager in question, testified that she always reached the store by 9 o'clock in the morning and that it was one of her duties to clean off any snow and ice accumulation in and about the premises. She claimed that she removed snow from the vestibule on the previous day, that the entranceway was large and open, and that wind would blow snow into it. She further stated that she did not clean the entranceway on the morning of March 9, 1948, that the sidewalk in front of the store was clean, and that if there had been any snow on the walk or in the vestibule "it would have been cleaned that morning." The witness also testified that she was absent from the store at the time the plaintiff came there, and did not see her.

Mrs. Hewitt testified positively on her re-direct examination that she did not clean the entranceway and walk the morning of March 9th "because it was

absolutely clean of snow and ice." Such testimony clearly implies that she examined the vestibule and, in consequence, knew its condition, whatever that may have been. Obviously the jury accepted plaintiff's claim as to the presence of snow and ice and the condition generally of the entrance to the store. In view of the conflicting testimony, it clearly rested with the jury to determine the truth of the matter.

The following testimony of Mrs. Hewitt indicates the general situation with reference to the use of the store entrance:

"*Q.* Were there a lot of people traveling back and forth into this store?

"*A.* Yes.

"*Q.* Were there accumulations of snow brought into this entranceway, which was a large entranceway, by the traffic?

"*A.* I know we always had to keep it cleared of snow. I don't know how many times we had to do it in a day.

"*Q.* As a matter of fact, Mrs. Hewitt, business was good at the Montgomery Ward store in Ironwood in March, 1948, and there was considerable traffic, so good a lot of people walked into this big entranceway, and oftentimes during the day it required your cleaning out this entranceway, sweeping it out?

"*A.* Yes, during the day."

The duties of the manager with reference to cleaning the entranceway were further testified to by defendant's witness, Mrs. Helen Raymond, also a former employee. She stated that if there had been any snow or ice in the vestibule on the morning of March 9, 1948, it would have been removed by the manager, which testimony suggests that it was the recognized duty of the manager to inspect the entranceway and to take such action as might be necessary to render it reasonably safe for customers and patrons of the store.

Defendant also offered as a witness a weather observer who testified that; according to his records, the maximum temperature on March 8, 1948, was 28°, and the minimum was 18°, with a snowfall of one-half inch. According to such records there was no snowfall on March 9th, the maximum temperature was 21° and the minimum was 7° below zero. It was for the jury to determine what inferences might be drawn from the testimony as to the weather conditions existing at, and prior to, the accident, as well as from the statements of the other witnesses who testified on behalf of defendant as to the procedure followed in keeping the entrance to the store free from ice and snow.

At the conclusion of the proofs the matter of defendant's negligence and plaintiff's contributory negligence remained issues of fact. The trial court was correct in submitting the case to the jury. The defendant was not entitled to a directed verdict at any time during the course of the trial, and the motion for judgment notwithstanding the verdict of the jury was properly denied. While *Corfeld v. Douglas Houghton Hotel Co.,* 324 Mich 459, and *Kuhn v. King,* 330 Mich 49, involved factual situations of a different nature than here presented, the general principles there recognized and applied may properly be regarded as controlling.

In its motion for a new trial defendant alleged error in the failure of the court to direct a verdict in its favor, and, also, certain errors claimed to have occurred during the course of the trial. As above concluded, the refusal to grant the motion for judgment notwithstanding the verdict was not error. It remains to be considered whether the claim of the appellant as to prejudicial error on the trial is tenable.

Incorporated in one of defendant's requests to charge was a statement as follows:

"It has been held that a period of time from Monday night to Friday following is not sufficient length of time to hold a defendant liable for an icy condition on a sidewalk."

The trial court, while giving the balance of the request, did not include the language quoted. Appellant insists that such omission was error. The request was apparently based on the decision of this Court in *Corey* v. *City of Ann Arbor*, 134 Mich 376. Plaintiff there sought to recover damages for injuries sustained in a fall on an icy sidewalk. It was her claim that the condition of the sidewalk resulted from water flowing upon it from a hydrant located on adjoining premises. There was no showing of any actual knowledge of the condition on the part of highway officers, and this Court held that the facts did not justify a conclusion that the city was liable on the basis of constructive notice resulting from the length of time that the defect had existed. Had the jury in the case at bar been charged as requested it is apparent that confusion might, and probably would, have resulted. We do not understand appellant to claim that if the condition testified to by plaintiff had existed in the vestibule of its store for a period of 4 days it would not have been charged with knowledge thereof. The rule as to the length of time that a given condition must obtain in order to charge one, sought to be held liable for resulting damages, with constructive notice, varies with the facts and circumstances involved and with the basis for the liability claimed. The request was not a proper one, and the trial judge was correct in refusto give it.

Complaint is also made that the court failed to charge the jury as to what would be a reasonable length of time for a condition to exist so as to charge defendant with constructive notice of its dangerous

character. We do not find that any request for a
charge of the character in question was submitted.
Such being the situation, appellant may not now
complain that the judge failed to prepare and give a
specific instruction as to the length of time required
in the instant case to impute notice of the dangerous
condition of the vestibule. The charge as given,
in effect, left it to the jury to say whether or not the
condition, if found to be as plaintiff claimed, had
existed for such length of time as to charge defend-
ant with notice of it. The question was properly
considered as presenting a factual issue for deter-
mination by the jury. *Hendershott* v. *City of Grand
Rapids,* 142 Mich 140.

Appellant's further claim that the conduct of coun-
sel for the plaintiff in their argument to the jury was
so prejudicial to defendant as to require a reversal
of the judgment and the granting of a new trial has
been examined and found to be without merit.

As noted, the jury returned a verdict in favor of
the plaintiff in the sum of $7,500. Appellant claims
that such amount is excessive and out of reasonable
proportion to the damages shown by the proofs. The
testimony establishes that plaintiff's injuries were
serious and painful. At the time of the trial she
had a deformed finger which the proofs indicated
might be corrected by an operation, involving ex-
pense as well as attendant pain and suffering. Ap-
parently the most serious injury was that to her
right elbow. There was medical testimony to the
effect that such injury is permanent. Plaintiff at
the time of the trial suffered from a limitation of
motion in the joint. The testimony of a physician,
an orthopedist specialist, was to the effect that the
radius was out of position and that, due to an ab-
normal wearing away of the cartilage, exposure of
the bone and traumatic arthritis will result. The

witness further stated that such a condition is painful.

There is nothing in the record before us to indicate that the jury may have been prejudiced or biased by any occurrence in the course of the trial. It has been repeatedly recognized in prior decisions of this Court that the awarding of damages for pain and suffering rests in the sound judgment of the jury, or of the judge in a case tried without a jury. What was said in *Teeter* v. *Pugsley,* 319 Mich 508, 511, may well be repeated here:

"The amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice, or sympathy. No such showing has been made; nor is this portion of the judgment so great as to shock the judicial conscience. *Watrous* v. *Conor,* 266 Mich 397, 401."

See, also, *Brebner* v. *Sidney Hill Health System, Inc.,* 269 Mich 541; *Trafamczak* v. *Anys,* 320 Mich 653, 662; *Graham* v. *United Trucking Service, Inc.,* 327 Mich 694.

As appears from plaintiff's declaration, her husband assigned to her, prior to the bringing of suit, his claimed cause of action for damages sustained by him due to her injuries, and resultant incapacity, and medical and hospital expenses. The amount of such damages proved was presumably included by the jury in its verdict, and must in consequence be taken into account in determining whether or not it is excessive. A consideration of the entire record, particularly the testimony with reference to the injuries sustained by plaintiff, who was 39 years of age at the time of the accident, the pain and suffering that she endured up to the time of the trial, and the probability of further and continued pain and

inconvenience, brings us to the conclusion that appellant's claim is not well founded.

We find in the record no error of such nature as to require a reversal as to the defendant Montgomery Ward & Company. Such judgment is affirmed, with costs to the plaintiff. As to the defendant Albina Skowronski the judgment is reversed without a new trial and the case is remanded with directions to set aside the judgment against her and to enter judgment in her behalf. She may have costs against the plaintiff.

DETHMERS, C. J., and ADAMS, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

BUTZEL, J., did not sit.