SBOROW *v.* WORKMEN'S CIRCLE EDUCATIONAL CENTRE.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   The Supreme Court views the evidence in the light most ̇favorable to the plaintiff on plaintiff's appeal from a directed verdict and judgment for defendant.

2. NEGLIGENCE—BUILDING OWNER—DUTY TO PROVIDE REASONABLY SAFE PLACE FOR INVITEES.
   The owner and operator of a building containing a room at which meetings are held is not an insurer of the safety of invitees but has a duty to use reasonable care to provide a reasonably safe place for invitees.

3. SAME—EVIDENCE—DANGEROUS CONDITION OF PREMISES.
   Testimony that plaintiff slipped and fell in aisle of meeting hall on defendant's premises and noticed oil and grease on her dress the following morning was insufficient to establish how the oil and grease got on the floor at defendant's building or that defendant had knowledge of its presence long enough to take corrective measures to eliminate the danger.

Appeal from Wayne; Chenot (James E.), J. Submitted May 20, 1953. (Docket No. 67, Calendar No. 43,828.) Decided June 22, 1953.

Separate cases by Helen and Samuel Sborow against Workmen's Circle Educational Centre, a Michigan corporation, for damages arising when she slipped on floor in defendant's premises. Cases con-

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 945.
[2, 3] 38 Am Jur, Negligence § 96 *et seq.*
[3] Generally as to weight and sufficiency of evidence of negligence, see 38 Am Jur, Negligence § 332 *et seq.*

solidated. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Bernstein & Bernstein* (*Edwin S. Moag*, of counsel), for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Richard A. Harvey*, of counsel), for defendant.

SHARPE, J. Plaintiff Helen Sborow brought an action in the circuit court of Wayne county, to recover damages for personal injuries claimed to have resulted from falling on a greasy and slippery floor of a building operated by defendant. The following facts are substantiated by the record. Defendant corporation is the owner and operator of a building in the city of Detroit. On the first floor of the building, there is located the office of the manager and rooms used for holding meetings. On the second floor there is an auditorium also used for holding meetings. On the evening of December 22, 1943, a group of people were holding a meeting on the second floor of the building. Plaintiff left her home on the evening in question and arrived at the building about 9 p.m. The auditorium was large enough to hold several hundred people, with entrance from the rear, and aisles at each side of the hall, as well as an aisle down the center. When plaintiff arrived at the hall she walked down the right hand side and took a seat. Later, desiring to go to the rest room, she arose, left her coat on the chair, and started to walk up the aisle towards the rear entrance of the hall. She took about 4 or 5 steps, when she slipped and fell. The following morning, in preparation to going to a doctor for treatment, she discovered that the right side of her dress and right stocking were stained with oil and grease. The cause came on for trial, and at the close of plaintiff's testi-

mony, counsel for defendant corporation made a motion for a directed verdict of no cause of action for the following reasons:

"First, that there is no showing whatever of negligence.

"Second, that there is a complete failure of showing by the plaintiff of freedom from contributory negligence and her use of due care in her conduct prior to the occurrence of this accident.

"And, third, that the relationship between the plaintiff and the defendant is not such as to establish responsibility on the part of this defendant."

Plaintiff appeals and urges that the trial court was in error in failing to submit the cause to a jury which had been impaneled to hear the cause. Plaintiff gave the following testimony:

"*Q.* You say you walked down the right hand side, is that right?

"*A.* Yes.

"*Q.* Did you walk close to the wall or away from the wall?

"*A.* Close to the wall.

"*Q.* Did you notice anything unusual about the floor in walking down?

"*A.* No.   *   *   *

"*Q.* What happened when you started out the aisleway?

"*A.* I got up and started walking to the rest room, and I walked maybe 4 or 5 steps, and then I slipped and hit my head, and that is all I remember.

"*Q.* What did you hit your head against, if you know?

"*A.* The chairs.   *   *   *

"*Q.* When you got home that evening did you examine the dress, and did you notice anything unusual about it?

"*A.* No, sir, I did not look at it.

"*Q.* When did you examine it?

"*A*. I was going to put it on in the morning to go to Dr. Schambach, so I saw it was all grease and soiled, like oil and grease.

"*Q*. Where was this oil and grease on the dress?

"*A*. Right here on the right side.  *  *  *

"*Q*.. Was that floor a wooden floor, linoleum or terrazzo like this?

"*A*. I think it is a wooden floor.

"*Q*.. And it was waxed, polished?

"*A*. I had not seen it when I walked in; I did not look at the floor; I just walked in.

"*Q*. You did not observe the floor at all as you—?

"*A*. No sir."

In cases where a directed verdict is made against plaintiff, we view the evidence in the light most favorable to plaintiff. We have in mind that defendant corporation is not an insurer of the safety of plaintiff, but it was its duty to use reasonable care to provide a reasonably safe place for plaintiff as an invitee on its premises. See *Shorkey* v. *Great Atlantic & Pacific Tea Company*, 259 Mich 450.

In *Galarno* v. *Great Atlantic & Pacific Tea Company*, 260 Mich 113, 114, we said:

"Conceding that it is not negligence per se to have an oiled floor in a store (*Narregang* v. *Great Atlantic & Pacific Tea Co.*, 224 Mich 178) or to apply oil to a floor if it is done in a proper manner so it is not in different condition from that usual with oiled floors, there is evidence here of an unusual condition, such an accumulation of oil where plaintiff fell as to ruin not only her outer garments but her underclothing as well. This is evidence of negligence, and sustains the verdict."

In *Filipowicz* v. *S. S. Kresge Company*, 281 Mich 90, plaintiff was injured while descending a public stairway in one of defendant's stores. There was evidence that some grease was on the stairway, and

that this caused plaintiff to fall. In denying a judgment for plaintiff, we said:

"Applying the foregoing to the facts in this appeal, there is no evidence of how the grease got upon the stairway, nor that defendant had knowledge of its presence, nor that it was on the steps long enough so that its employees should have known of it.

"The testimony in the instant record is insufficient to carry the question of defendant's negligence to the jury and although we have viewed plaintiff's testimony most favorably to her, she did not prove actionable negligence and a verdict should have been directed for defendant."

In our opinion, the facts in the above case are similar to the facts in the case at bar. In the case at bar, the only evidence of oil and grease on the floor was from the testimony of plaintiff who, on the following morning, noticed that her dress and stockings were dirty from oil and grease. There is no evidence of how the oil and grease got on the floor, or that defendant company had knowledge of its presence long enough so that it could take corrective measures to eliminate the danger.

For other cases in this area, see: *Yarington* v. *Huck,* 218 Mich 100; *Narregang* v. *Great Atlantic & Pacific Tea Company,* 224 Mich 178; *Carpenter* v. *Herpolsheimer's Company,* 278 Mich 697; *Hulett* v. *Great Atlantic & Pacific Tea Company,* 299 Mich 59; *Kelly* v. *Red Owl Stores, Inc.,* 333 Mich 629; and *Torma* v. *Montgomery Ward & Company,* 336 Mich 468.

The judgment is affirmed, with costs to defendant.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.